Antoine R. **BOUDREAUX**

v.

**BATON ROUGE MARINE CONTRACTING COMPANY et al.**

**Civ. A. No. 69–15.**

United States District Court
E. D. Louisiana,
Baton Rouge Division.

Sept. 29, 1969.

Johnnie A. Jones, Baton Rouge, La., for plaintiff.

C. Paul Barker, Jerry L. Gardner, Jr., Dodd, Hirsch, Barker, Meunier, Boudreaux & Lamy, New Orleans, La., for Local 1830 and Local 1833, General

Longshore Workers, International Long-shoremen's Association, AFL–CIO.

George Mathews, Dale, Owen, Richardson, Taylor & Mathews, Baton Rouge, La., for Baton Rouge Marine Contractors, Inc., and Ryan Stevedoring Company, Inc.

WEST, Chief Judge:

Plaintiff filed this suit for declaratory judgment, damages, and injunctive relief based upon his contention that the defendants have engaged in discriminatory employment practices in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e et seq. He alleges that he is a member of Local 1830 of the General Longshoremen Workers, International Longshoremen's Association, AFL–CIO, which union is composed entirely of members of the negro race. There is another local, being Local 1833, of the same union which operates in the same port of Baton Rouge, Louisiana, and which is composed entirely of members of the white race. There are about twice as many members in Local 1830 as there are in Local 1833. Plaintiff contends that longshoremen's work at the dock is assigned by giving one job to a member of Local 1830 and the next one to a member of Local 1833, and thus alternating between the two unions. He contends that this results in the individual white members of Local 1833 getting twice as many jobs as the individual members of Local 1830, and that thus there is a "built in" discrimination against the individual members of Local 1830. As a further ground for demanding relief, plaintiff contends that the "undesirable" jobs, such as jobs requiring heavy lifting and "dirty work" are always assigned to members of Local 1830, while desirable jobs, such as foreman, walking foreman, checker, clerk, and crane operator are always assigned to members of Local 1833. Plaintiff contends that all of the defendants are jointly responsible for these practices, and that such practices constitute unfair discriminatory employment practices as contemplated by Title VII of the Civil

Rights Act of 1964, 42 U.S.C.A. § 2000e–2(a). As a second count, plaintiff seeks relief, including money damages, under the provisions of 42 U.S.C.A. § 1981.

In answer to these claims, the defendants, Baton Rouge Maride Contractors, Inc. and Ryan Stevedoring Company, Inc., filed motions to strike and motions to dismiss for failure to state a claim upon which relief could be granted. As grounds for the motion to dismiss, the defendants contend that plaintiff's complaint failed to show that he was a "person aggrieved" as contemplated by the provisions of 42 U.S.C.A. § 2000e–5(a), or that he had filed his complaint with the Equal Employment Opportunity Commission (EEOC) within ninety days after the alleged unlawful employment practices occurred as required by Section 706(d) of the Act. 42 U.S.C.A. § 2000e–5(d). After hearing, the Court denied defendants' motion to strike and allowed the plaintiff ten days to amend his complaint in order to show, if he could specific acts on the part of defendants upon which plaintiff alleged to base his claim. Thereafter plaintiff filed an "amendment to complaint" which set forth specific complaints, all of which occurred during the years 1955 through 1958, and during the years 1964 and 1965. He alleged in his original complaint that the written charges which he filed with the EEOC, covering the same complaints which arose during the years 1955–1958 and 1964–1965, were filed "on or about January 26, 1967." On the same day that the "amendment to complaint" was filed, counsel for plaintiff also filed an intervention on behalf of one Henry Wells, Jr. and one Daniel C. Collins, Jr., making them co-plaintiffs with Bodreaux. In this intervention, the allegations contained in Boudreaux's complaint were adopted by Wells and Collins as their own, and in addition thereto, intervenors simply alleged that the same practices about which Boudreaux complains have been continued from 1966 through February, 1968. There is no allegation that either of the two intervenors have ever filed a complaint of any kind with the EEOC.

Defendants took the deposition of Boudreaux and filed it, together with affidavits from certain officials of the defendant companies, and then, based upon the record, filed motions for summary judgment on the ground that the record shows, without dispute, that (1) plaintiff Boudreaux did not file a complaint with the EEOC within ninety days following the incident which gave rise to his complaint of discriminatory practices, (2) plaintiff Boudreaux never sought employment with or through any of the defendants between March of 1966 and the present time, and (3) the two intervenors have never filed a charge of any kind with the EEOC as required by Section 706(a) of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e–5(d).

Exhaustive briefs have been filed in this matter, and after due consideration it is the opinion of this Court that the motions for summary judgment should be granted.

There is no dispute about the fact that the plaintiff Boudreaux was physically injured while on the job in March of 1966. From March 30, 1966 through January 30, 1969, (this action was filed on January 16, 1969), Boudreaux was paid disability compensation under the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq. as a result of injuries received by him on March 30, 1966. By his own admission he not only did not, at any time between March 30, 1966, and the present time, apply for work with any of the defendants, but he was actually physically incapacitated from working during that entire time. January 26, 1967, the day on which he allegedly filed his complaint with the EEOC, complaining about defendants' employment practices, was ten months after the last time he ever sought employment through defendant Local 1830 or by defendants, Baton Rouge Marine Contracting Company or Ryan Stevedoring Company, and at the time of filing his complaint, he had been physically unable to work for some ten months.

Section 706(a) of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e–5(a), provides for the filing, by a person claiming to be aggrieved, of a charge of unlawful employment practices with the Commission, and Section 706(d) of the Act, 42 U.S.C.A. § 2000e–5(d), provides that such a charge under subsection (a) "shall be filed within ninety days after the alleged unlawful employment practice occurred * * *." The timely filing of such a charge by the "person aggrieved" is a jurisdictional prerequisite to filing suit in the United States District Court. See Banks v. Local Union 136, International Brotherhood of Electrical Workers, 296 F.Supp. 1188 (N.D. Ala.1968); Culpepper v. Reynolds Metals Company, 296 F.Supp. 1232 (N.D.Ga. 1969). It is true that after plaintiff Boudreaux finally filed his charges with the EEOC on January 26, 1967, the Commission investigated and concluded that there was reasonable cause to believe that unfair employment practices have been engaged in by the defendants and certified that they, the Commission, were unable to obtain a voluntary compliance. But the charge filed by Boudreaux was not filed within ninety days from the incident which he alleges made him a person aggrieved. Indeed it was not filed until ten months after the last time he worked or even attempted to work for any of these defendants. Even though it must, of course, be recognized that the purpose of Title VII of the Civil Rights Act of 1964 is to put an end, if possible, to unfair employment practices, it must also be recognized that the procedures required by the Act must be followed in order to exercise the rights granted therein. This was simply not done in this case. Boudreaux's right to file his complaint had long since expired when he finally filed it on January 26, 1967. He had not been "aggrieved" as contemplated by the Act, by any unfair employment practice of the defendants within the ninety days immediately preceding the filing of his charge. At no time during a period of ten months prior to the filing of his charge had he personally in any way been

244

discriminated against by the defendants because during that entire time he had neither sought nor been denied work of any kind by any of these defendants. It is thus quite obvious that this Court has no jurisdiction over Boudreaux's claim.

██ By amended complaint Henry Wells, Jr. and Daniel C. Collins, Jr. became intervening plaintiffs in this case. But they are in no better position than Boudreaux. There is no dispute about the fact that neither Wells nor Collins, nor any other member of the class which they or Boudreaux claim to represent, have at any time filed a charge with the EEOC. While a class action, or a suit by multiple plaintiffs, is permissible under Title VII of the Civil Rights Act of 1964, nevertheless such suits are subject to certain limitations. While it is not a necessary prerequisite that each member of the class file a separate charge in order to be considered a co-plaintiff, still it is necessary that a charge, as required by Section 706(a) of the Act be filed by at least one of the complaining parties, setting forth the issues as to which he is aggrieved. When one plaintiff has timely filed such a charge, then other members of the class or other co-plaintiffs may proceed as parties plaintiff, but they may only proceed within the periphery of the issues which the party who timely filed his charge with the EEOC could assert. Oatis v. Crown Zellerbach Corporation, 398 F.2d 496 (CA 5—1968). Thus, since this Court has concluded that no charge setting forth the issues as to which any plaintiff claims to have been aggrieved has been timely filed with the EEOC as required by Section 706(a) and Section 706(d) of Title VII of the Civil Rights Act of 1964, this Court has no jurisdiction over this suit. And since, under the facts of this case, plaintiffs have obviously stated no claim under 42 U.S.C.A. § 1981, the motions of the various defendants for summary judgment should be and they will be granted. Judgment will be entered accordingly.