Howard Walter **WILLIAMS**, Plaintiff-Appellant,

v.

**John J. HOLLINS**, Assistant Attorney General for Davidson County, Tenn.,

and

**Bethel James Qualls**, a Police Officer, Defendants-Appellees.

No. 19548.

United States Court of Appeals, Sixth Circuit.

Jan. 7, 1970.

Howard Walter Williams, in pro. per.

James F. Neal, Nashville, Tenn., on brief for defendant-appellee Hollins.

Paul F. Bumpus, Nashville, Tenn., on brief for defendant-appellee Qualls.

Before WEICK and EDWARDS, Circuit Judges, and O'SULLIVAN, Senior Circuit Judge.

PER CURIAM:

Howard Walter Williams, Plaintiff in the District Court, appeals from dismissal of his complaint for damages against Appellees John J. Hollins and Bethel James Qualls. His complaint charged that these persons conspired and acted together to deprive him of his civil rights, secured to him in Title 42, U.S. C.A. Section 1983. The alleged conspiracy is claimed to have brought about appellant's trial and conviction for robbery in the year 1965. The present action was instituted on January 9, 1969. A motion for summary judgment was made by defendants on the ground that plaintiff's action was barred by the one-year statute of limitations provided by Tenn.Code Anno. § 28–304.

In Mulligan v. Schlachter, 389 F.2d 231, 233 (6th Cir. 1968) this Court held:

> "Since the Civil Rights Act itself contains no limitation period, the courts will look to the most analogous statute of limitations where the cause of action arose."

There we dealt with the Michigan statute which had a provision that the statute of limitations does not apply if the cause of action arose while the prospective complainant is in jail. We held, however, that since the cause of action of the plaintiff did not arise while he was in jail, the statute was not tolled. Crawford v. Zeitler, 326 F.2d 119 (6th Cir. 1964).

Tennessee has no statute tolling the statute of limitations while a prospective complainant is in jail.

In Jones v. Bombeck, 375 F.2d 737 (3rd Cir. 1967) the Court said:

"We can discern no reason why the statute should be tolled because the appellant was incarcerated." 375 F. 2d at 739.

The judgment of the District Court is affirmed.