### William L. SNYDER

v.

**Charles SWANN, Chairman, Roger T. Riddle, Secretary, R. K. Adcock, Jr., Member, Earl R. Layman, Member, John Cary, Member, Commissioners of Election for Knox County, Tennessee, Mary Carty, Chief Clerk of said Commission, Betty F. Looper and Western Surety Company.**

### Civ. A. No. 6701.

United States District Court, E. D. Tennessee, N. D.

Jan. 28, 1970.

William L. Snyder, in pro per.

J. Anthony Brown, Law Director, Knox County, J. H. Doughty, Hodges, Doughty & Carson, Knoxville, Tenn., for defendants.

### MEMORANDUM

ROBERT L. TAYLOR, District Judge.

William L. Snyder has complained that the Knox County Election Commission, the Chief Clerk of the Commission, a court reporter and a bonding company have violated his civil rights (42 U.S.C. § 1981 et seq) by not placing his name upon the ballot in the 1968 elections. The Court sustained a motion for a voluntary non-suit against the court reporter and the bonding company. The remaining defendants have filed motions to dismiss.

On June 5, 1968, plaintiff submitted a timely petition [1] for the purpose of placing his name upon the ballot as an

---

1. Tenn.Code Annot. § 2–1206

"*Independent candidates—Petition to place names on ballots—Filing.*—The said officer shall cause to be printed upon said ballots the name of any qualified voter who has been requested to be a candidate

for any office, by a written petition personally signed by the condidate and signed by at least twenty-five (25) citizens qualified to vote in the election to fill said office, * * *"

independent candidate in the Knox County Sheriff's Election. A supplementary petition after the deadline was rejected by the Clerk. On June 25, 1968 plaintiff was notified that his petition was inadequate because an insufficient number of qualified voters had signed it. After discussions with the defendants failed, plaintiff sought an order requiring that his name be placed on the ballot. A hearing was held and the suit dismissed. After the election, the Tennessee Supreme Court affirmed the decree because the question was moot.

■ The motions to dismiss should be sustained because plaintiff has not stated any claim upon which relief can be granted.

" * * * [A] particular individual may not successfully assert any federally protected right to be a candidate for a state political office. See Snowden v. Hughes, 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497 (1944). The right to become a candidate for state office is a right or privilege of state citizenship and not a federally guaranteed one. Bacon v. Holzman, 264 F.Supp. 120 (E.D.Ill., 1967). * * "

Heiser v. Rhodes, 305 F.Supp. 269, 272 (S.D.Ohio, 1969—opinion of a three judge court).

■ Furthermore, the Court is of the opinion that the suit must be dismissed because of the adjudication in the State Court. The decree stated:

" * * * It is the finding of the Court that the Election Commissioners have done an honest job in checking the petition filed by the complainant in this cause and that because of the fact that signatures on the petition were illegible in many instances, it was not easy for the petition to be checked. With the commencement of proof, it was agreed on behalf of the defendants that they had found sixteen signatures of registered and qualified voters on the petition and it is the finding of the Court that from the proof only two or three additional signatures appeared to be such on the petition as to comply with the law even though the petition was filed in time. * * *"

The Court holds that this finding bars any claim of the plaintiff for an alleged violation of his civil rights. Jenson v. Olson, 353 F.2d 825 (C.A. 8, 1965); Frazier v. East Baton Rouge Parish School Board, 363 F.2d 861 (C.A. 5, 1966).

The statute of limitation may also bar this suit. The complaint was filed July 29, 1969. Plaintiff alleged he was notified that his name would not be on the ballot on June 25, 1968. The election was August 1, 1968. "Since the Civil Rights Act itself contains no limitation period, the courts will look to the most analogous statute of limitations where the cause of action arose." Mulligan v. Schlachter, 389 F.2d 231, 233 (C.A. 6, 1968), quoted in Williams v. Hollins, 428 F.2d 1221 (C.A. 6, January 7, 1970). Tenn.Code Annot. § 28–304 creates a one-year period of limitations for actions under "the federal civil rights statutes." However, since the previous reasons are determinative of the case, it is not necessary to decide when the cause of action accrued.

For the indicated reasons, it is ordered that the motions to dismiss be, and same hereby are, sustained.