**Shirley S. JACKSON et al., Plaintiffs,**

v.

**CUTTER LABORATORIES, INC., et al.**

**Civ. A. No. 5994.**

United States District Court,
E. D. Tennessee, S. D.

Oct. 22, 1970.

Douglas A. Meyer, Chattanooga, Tenn., David H. Hood, Jr., Bessemer, Ala., for plaintiffs.

Raymond R. Murphy, Jr. and R. Allan Edgar, of Miller, Martin, Hitching, Tipton, Lenihan & Waterhouse, Chattanooga, Tenn., for defendants.

## MEMORANDUM

FRANK W. WILSON, Chief Judge.

This is an action pursuant to Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.), for alleged racial discrimination in employment practices. The defendant, Cutter Laboratories, Inc., has filed a motion to dismiss this action upon two separate grounds, being (1) that the plaintiffs failed to bring this action within the time limitations provided by 42 U.S.C. § 2000e–5 (e); and (2) that this action is barred by the Tennessee Statute of Limitations (T.C.A. § 28–304). The motion is supported by brief and the affidavit of Frank C. Moore, Postmaster at Chattanooga, Tennessee. The plaintiffs have filed a responsive brief and the affidavit of W. L. Williams, Area Attorney,

Birmingham Area, Office of the Equal Employment Opportunity Commission.

It should be noted further that this action was instituted pursuant to Rule 23, Federal Rules of Civil Procedure, as a class action.

Additionally, the plaintiffs have moved to amend their complaint. The defendant having filed no objection thereto, the Court is of the opinion that the motion to amend should be granted.

Turning to the motion to dismiss, the following facts appear from the record. The defendant, Cutter Laboratories, Inc., is a corporation engaged in the business of supplying hospitals with various products. The plaintiffs are black females who were employed by the defendant as assembly line workers. During the month of September, 1968, the plaintiffs were discharged from their employment. Thereafter, and upon October 4, 1968, the plaintiffs duly filed a complaint with the Equal Opportunity Commission pursuant to the Civil Rights Act of 1964, alleging racial discrimination in connection with their discharge. The Commission attempted conciliation but was unable to effect a settlement by this means. (See exhibit to complaint) The Commission thereupon advised the plaintiffs by letters dated July 15, 1970, that it had failed in its efforts at conciliation and further advised the plaintiffs that, pursuant to § 706(e) of the Act [42 U.S.C. § 2000e–5(e)], they had 30 days following receipt of the letter within which to institute a lawsuit in the appropriate United States District Court. Attached to the affidavit of W. L. Williams, Jr. are photostatic copies of the return receipts indicating the dates upon which the various plaintiffs received their suit letters as hereinabove described. The copies of the return receipts reflect that three of the plaintiffs received their suit letters upon the following dates:

Shirley S. Jackson—July 22, 1970
Jacqueline Cooper—July 27, 1970
Georgia Mayweather—August 12, 1970.

With regard to the date upon which Althea Gillins received her suit letter, the affidavit of W. L. Williams reflects that she received her letter upon July 21, 1970. However, the counteraffidavit of Frank C. Moore and the copy of the receipt itself indicate that Mrs. Gillins received her suit letter upon July 20, 1970. Finally, the plaintiff's complaint, as amended, alleges that Mrs. Gillins received her suit letter upon July 22, 1970. This lawsuit was filed in this Court upon August 21, 1970.

The defendant contends initially that this action should be dismissed since the plaintiffs failed to timely file this lawsuit pursuant to § 706(e) [42 U.S.C. § 2000e–5(e)]. The limitations period applicable to the filing of a lawsuit of this nature is governed by 706(e) of the Civil Rights Act of 1964 [42 U.S.C. § 2000e–5(e)], this section providing in relevant part as follows:

". . . The Commission shall so notify the person aggrieved and a civil action may, within thirty days thereafter, be brought against the respondent named in the charge . . ."

There is little question but that the 30-day period within which suit may be filed under § 706(e) does not begin to run until the charging party has received notice from the Commission of its inability to achieve voluntary compliance. See Cunningham v. Litton Industries, 413 F.2d 887 (C.A.9, 1969); Miller v. International Paper Co., 408 F.2d 283 (C.A.5, 1969); Choate v. Caterpillar Tractor Co., 402 F.2d 357 (C.A.7, 1968); Goodman v. City Products Corporation, Ben Franklin Division, 425 F.2d 702 (C.A.6, 1970). The uncontroverted affidavit of W. L. Williams and the copies of the return receipts reflect that Shirley S. Jackson, Jacqueline Cooper, and Georgia Mayweather received their suit letters upon July 22, 1970, July 27, 1970, and August 12, 1970, respectively. This action was instituted upon August 21, 1970, within 30 days from the date of the receipt of the suit letters of the three named individuals. Accordingly, with respect to this portion of the motion to dis-

miss and as to these three plaintiffs, the motion to dismiss should be denied.

■ With regard to the date upon which Althea Gillins received her suit letter, it appears that an issue of fact may exist as to whether she received the letter upon July 20, 21, or 22, 1970. Accordingly, the Court will reserve a ruling upon this portion of the motion to dismiss pending the trial of the case.

■ ■ The defendant next contends that the plaintiffs' action is barred by the Tennessee Statute of Limitations (T. C.A. § 28–304). This statute provides in relevant part as follows:

Actions for libel, for injuries to the person, false imprisonment, malicious prosecution, criminal conversation, seduction, breach of marriage promise, actions and suits against attorneys for malpractice whether said actions are grounded or based in contract or tort, civil actions for compensatory or punitive damages, or both, brought under the federal civil rights statutes, and statutory penalties shall be commenced within one (1) year after cause of action accrued.

Indeed, since the decision of O'Sullivan v. Felix, 233 U.S. 318, 34 S.Ct. 596, 58 L. Ed. 980 (1915), the courts have held that state limitations statutes are to be applied to federal civil rights actions. See Baker v. F & F Investment, 420 F.2d 1191 (C.A.7, 1970); Knowles v. Carson, 419 F.2d 369 (C.A.5, 1969); Ellenburg v. Shepherd, 304 F.Supp. 1059 (E.D. Tenn., 1966) aff. 406 F.2d 1331 (C.A.6, 1968) cert. den. 393 U.S. 1087, 89 S.Ct. 878, 21 L.Ed.2d 781; Crawford v. Zeitler, 326 F.2d 119 (C.A.6, 1964); Mulligan v. Schlachter, 389 F.2d 231 (C.A.6, 1968). Stated more precisely, the rule is that in the absence of a special provision by Congress federal courts must apply state statutes of limitations to federal causes of action. See cases cited supra and Gentry v. Evans, 310 F.Supp. 840 (E.D.Tenn., 1969). However, under Title VII of the Civil Rights Act of 1964, and more specifically pursuant to § 706 (e) of that Act [42 U.S.C. 2000e–5(e)],

Congress has provided a limitation period for actions of the type involved in this case. That is, Section 706(e) of the Act [42 U.S.C. § 2000e–5(e)] provides in relevant part as follows:

". . . The Commission shall so notify the person aggrieved and a civil action may, within thirty days thereafter, be brought against the respondent named in the charge . . ."

This thirty-day period is jurisdictional and may not be extended. See Goodman v. City Products Corporation, Ben Franklin Division, supra; Choate v. Caterpillar Tractor Co., 402 F.2d 357 (C.A.7, 1968). However, this thirty-day limitation period does not begin to run until the charging party has received notice from the Commission of its failure to obtain voluntary compliance. See Miller v. International Paper Co., 408 F.2d 283 (C.A.5, 1969) and cases cited therein. In this regard it appears clear that this limitation statute performs a dual role. First, it insures that an aggrieved individual will not file suit until the Commission has had an opportunity to attempt conciliation. Second, it insures that an aggrieved individual will not be precluded from suit by inaction on the part of the Commission. See Antonopulos v. Aerojet-General Corporation, 295 F.Supp. 1390 (E.D.Ga.1968).

■ The statute (T.C.A. § 28–304) relied upon by the defendant and the cases which support the application of state statutes of limitation to federal civil rights actions are clearly distinguishable from the instant case and are not applicable to actions brought pursuant to Title VII of the Civil Rights Act of 1964. Accordingly, the Court is of the opinion that the defendant's motion to dismiss upon the ground that the action is barred by the Tennessee Statute of Limitations (T.C.A. § 28–304) should be denied.

■ An additional problem raised by the pleadings but not as yet considered by the parties is the propriety of proceeding with this action as a class action. It appears to be well settled that a class

action may be maintained under Title VII of the Civil Rights Act. See Hicks v. Crown Zellerbach, 49 F.R.D. 184 (E.D. La., 1968); Logan v. General Fireproofing Co., 309 F.Supp. 1096 (W.D.N.C., 1969); Sciaraffa v. Oxford Paper Co., 310 F.Supp. 891 (D.Me., 1970); Boudreaux v. Baton Rouge Marine Contracting Co., 304 F.Supp. 240 (E.D.La., 1969); Local 186 v. Minnesota Mining & Manufacturing Co., 304 F.Supp. 1284 (N.D.Ind., 1969); Burney v. North American Rockwell Corp., 302 F.Supp. 86 (C.D.Cal., 1969); Madlock v. Sardis Luggage Co., 302 F.Supp. 866 (N.D. Miss., 1969); Hall v. Werthan Bag Corp., 251 F.Supp. 184 (M.D.Tenn., 1966); Johnson v. Georgia Highway Express, Inc., 47 F.R.D. 327 (N.D.Ga., 1968); Cox v. United States Gypsum Co., 409 F.2d 289 (C.A.7, 1969); Miller v. International Paper Co., 408 F.2d 283 (C.A.5, 1969); Oatis v. Crown Zellerbach Corp., 398 F.2d 496 (C.A.5, 1968); Jenkins v. United Gas Corp., 400 F.2d 28 (C.A.5, 1968); Bowe v. Colgate Palmolive Co., 416 F.2d 711 (C.A.7, 1969). However, problems do remain with regard to whether a particular case constitutes a proper case for class action, whether particular issues are suited for resolution by a class action, particularly the type of relief that may be afforded to the class. In this regard certain general principles emerge as guidelines for class action procedure in the instant case. First, the class action must meet the requirements of Rule 23. Second, the issues raised by the charging party must be those issues related to the charge filed with the E.E.O.C. and must be those issues he has standing to raise. Third, the members of the class as opposed to the representative of the class who has filed a charge with the E.E.O.C. must proceed within the periphery of the issues which the charging party has raised.

■ Additionally, the complaint has not attempted to define the relevant class involved. These comments of necessity must be general at this stage of the proceeding and further conclusions upon this phase of the litigation must await development by the parties. Although no objection has been filed with regard to permitting this action to proceed as a class action, Rule 23(c), Federal Rules of Civil Procedure, would appear to impose upon the Court the obligation of determining whether a class action is maintainable. In this regard Rule 23(c) (1) provides in relevant part as follows:

> As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained.

Accordingly the Court is of the opinion that counsel should confer upon this matter and should they be unable to resolve the matter by agreement, then they should submit briefs in support of their respective positions.

An order will enter in accordance with this memorandum.