Sarah **KALTENBORN**, Plaintiff,

v.

**EXCEL PERSONNEL**, Defendant.

No. C–72–5.

United States District Court,
W. D. Tennessee, W. D.

Feb. 7, 1972.

**130**

Phillip E. Kuhn, Finley, Stein, Kuhn & Sisson, Memphis, Tenn., for plaintiff.

Thomas F. Baker, IV, Martin, Tate, Morrow & Marston, Memphis, Tenn., for defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

WELLFORD, District Judge.

In this cause plaintiff, Sarah Kaltenborn, has filed a class action alleging discriminatory employment practices on the part of defendant, Excel Personnel. Plaintiff contends that jurisdiction lies under the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. and the Civil Rights Act of 1866, 42 U.S.C. §§ 1981 and 1983. Defendant has moved the Court for an order dismissing the complaint on the grounds that it is barred by the Tennessee one-year Statute of Limitations in T.C.A. § 28–304, which reads in pertinent part as follows:

" . . . civil actions for compensatory or punitive damages, or both, brought under the federal civil rights statutes, and statutory penalties shall be commenced within one (1) year after cause of action accrued."

It has been held that in the absence of a special congressional provision, federal courts must apply state statutes of limitations to federal causes of action. Ellenburg v. Shepherd, 304 F.Supp. 1059 (E.D.Tenn.1966), aff'd 406 F.2d 1331 (6th Cir. 1968), cert. denied, 393 U.S. 1087, 89 S.Ct. 878, 21 L.Ed.2d 781; Crawford v. Zeitler, 326 F.2d 119 (6th Cir. 1964); Mulligan v. Schlachter, 389 F.2d 231 (6th Cir. 1968); Gentry v. Evans, 310 F.Supp. 840 (E.D.Tenn.1969). Clearly, §§ 1981 and 1983 do not contain a limitation period. The Sixth Circuit has repeatedly held that T.C.A. § 28–304 and like statutes are applicable to actions filed under 42 U.S.C. §§ 1981 and 1983. See, e. g., Williams v. Hollins, 428 F.2d 1221 (6th Cir. 1970) [applying T.C.A. § 28–304] and Madison v. Wood, 410 F.2d 564 (6th Cir. 1969) [applying appropriate Michigan statute.] See also Snyder v. Swann, 313 F.Supp. 1267 (E.D.Tenn. 1970).

The incident involving plaintiff is alleged to have occurred on or about the 29th of October, 1970. The complaint herein was filed on January 5, 1972, more than one (1) year later. This action to the extent it is based on §§ 1981 and 1983 is accordingly barred.

However, the District Court for the Eastern District of Tennessee in Jackson v. Cutter Laboratories, Inc., 338 F.Supp. 882, decided October 22, 1970, held that "under Title VII of the Civil Rights Act of 1964, and more specifically pursuant to § 706(e) of that Act [42 U.S.C. 2000 (e)–5(e)] Congress has provided a limitation period for actions of [this] type" and, therefore, T.C.A. § 28–304 was not applicable. Judge Wilson stated at p. 885:

"The statute (T.C.A. § 28–304) relied upon by the defendant and the cases which support the application of state statutes of limitation to federal civil rights actions are clearly distinguishable from the instant case and are not applicable to actions brought pursuant to Title VII of the Civil Rights Act of 1964. Accordingly, the Court is of the opinion that the defendant's motion to

dismiss upon the ground that the action is barred by the Tennessee Statute of Limitations (T.C.A. § 28–304) should be denied."

The *Jackson* decision was relied upon by this Court in Beckum v. Tennessee Hotel, Civil Action No. C–70–417 (May 6, 1971) in which the Court held that:

" . . . by providing for a 30 day period in which an aggrieved party may bring an action [42 U.S.C. § 2000e–5(e)] Congress intended to insert a limitation period for actions which should be applied in lieu of a state statute of limitations. Therefore, plaintiff's action is not barred as to 42 U.S.C. § 2000e–5(e)."

But see, Walton v. Kellog Co., No. 69–235 (W.D.Tenn.1970).

This language is equally applicable to the case at bar and, accordingly, it is ordered that to the extent plaintiff's action is based on Title VII, Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., defendant's Motion to Dismiss on the basis of T.C.A. § 28–304 is hereby denied, and defendant should file an answer or otherwise plead to the complaint within twenty (20) days.