**Chester JENNINGS et al., Plaintiffs-Appellants,**

v.

**Donald PATTERSON and Horace Dennis, Defendants-Appellees,**

**The City of Dadeville, Alabama, etc., et al., Third Party Defendants-Appellees.**

**No. 71–2511.**

United States Court of Appeals, Fifth Circuit.

Feb. 29, 1972.

---

Fletcher Farrington, Bobby L. Hill, Joseph Jones, Jr., Savannah, Ga., for plaintiffs-appellants.

Carl E. Maye, Opelika, Ala., Charles R. Adair, Jr., Dadeville, Ala., for defendants-appellees.

Before JOHN R. BROWN, Chief Judge, and GOLDBERG and MORGAN, Circuit Judges.

PER CURIAM:

The complaint in this civil rights class action alleged that two White residents of Dadeville, Alabama, with the full knowledge and acquiescence of the city councilmen, have erected and are maintaining a fence across a public street in Dadeville in such a manner as to deny to plaintiffs and their class of Black residents of Dadeville public access to and from their homes. Moreover, the complaint alleged that the sole and singular purpose of this action was to deny Blacks the same right to enjoy real property as is enjoyed by White citizens. In an unrevealing order, the District Court dismissed the complaint, most likely for failure to state a claim upon which relief could be granted. We reverse.

We start, of course, with the controlling but so frequently forgotten or ignored principle on how a complaint is to be read against a F.R.Civ.P. Rule 12(b)(6) motion to dismiss.[1] "A motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would not be entitled to recovery under any state of facts which could be proved in support of his claim." Cook & Nichol, Inc. v. Plimsoll Club, 5 Cir., 1971, 451 F.2d 505, 506.

■ When read in that light, the complaint clearly states a cognizable claim against the City of Dadeville and its city councilmen under 42 U.S.C.A. § 1983 likely with incorporation of §§ 1981 and 1982 for equitable relief from action under color of State law which denied plaintiffs "rights, privileges or immunities secured by the Constitution and laws" of the United States. See, Monroe v. Pape, 1961, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492; Huey v. Barloga, N.D.Ill., 1967, 277 F.Supp. 864. Cf. Griffin v. Breckenridge, 1971, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338.

With respect to the claim against private parties, some additional problems arise. But again, reading the complaint as it properly should be read, at this stage it is impossible to conclude that no evidence could exist which would bring into play § 1982, Jones v. Alfred H. Mayer Co., 1968, 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189, or concepts by which action of private individuals becomes State action. Cf. Hall v. Garson, 5 Cir., 1970, 430 F.2d 430; Baldwin v. Morgan, 5 Cir., 1961, 287 F.2d 750, 756;[2] Adickes v. S. H. Kress and Co., 1970, 398 U.S. 144, 162–173, 90 S.Ct. 1598, 1611–1616, 26 L.Ed.2d 142, 157–162.

■ The other grounds suggested for dismissal are similarly lacking in merit. Manifestly, the District Court enjoyed subject matter jurisdiction under 28 U.S.C.A. § 1331 (general Federal question jurisdiction) and § 1343(3)[3] and (4) (civil rights action to secure equitable relief). Additionally, abstention would be improper since it is not appropriate to refer a litigant in a § 1983 civil rights suit to a State forum for adjudication of his Federal rights except in the most extraordinary circumstances. Hall v. Garson, supra, 430 F.2d at 436–437; Moreno v. Henckel, 5 Cir., 1970, 431 F.2d 1299; Haines v. Kerner, 1972, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652.

---

1. Conley v. Gibson, 1957, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80; Barber v. M/V "Blue Cat", 5 Cir., 1967, 372 F.2d 626.

2. After remand in 1958, Baldwin v. Morgan, 5 Cir., 1958, 251 F.2d 780.

3. In some circumstances, § 1343(3) may grant substantive as well as jurisdictional rights. See, Gomez v. Florida State Employment Service, 5 Cir., 1969, 417 F.2d 569.

This is a case which does not even require *Conley* glasses to see the Federal cause of action alleged in the complaint. Without, of course, indicating any predisposition on the merits,[4] it is apparent that once again[5] a District Court has gone too far too fast in dismissing a claim which depends on *facts* to determine whether or not Federal relief is available and appropriate.

Reversed and remanded.

---

4. See, Tyler v. Peel Corp., 5 Cir., 1967, 371 F.2d 788, 791-792.

5. See, e. g., cases listed in *Cook & Nichol, Inc., supra,* 451 F.2d at 507 n. 7.