Herbert **BELT** et al., Plaintiffs-Appellants,

v.

**JOHNSON MOTOR LINES, INC.**, et al.,
Defendants-Appellees.

No. 71–1440

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 4, 1972.

---

* [1]  Rule 18, 5 Cir.;  See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

Perloff, Reid & Briskman, Donald M. Briskman, Mobile, Ala., for plaintiffs-appellants.

Lawrence J. Gartner, Susan Deller Ross, Julia P. Cooper, Stanley P. Hebert, Gen. Counsel, John de J. Pemberton, Jr., Deputy Gen. Counsel, E. E. O. C., Washington, D. C., amicus curiae.

Inge, Twitty, Duffy & Prince, T. E. Twitty, Mobile, Ala., Erwin and Bradley, Thomas C. Bradley, Jr., Spartanburg, S. C., James C. Wood, Otto Simon, Mobile, Ala., Mullinax, Wells, Mauzy & Collins by L. N. D. Wells, Jr., and Beverly N. Ballantine, Dallas, Tex., for defendants-appellees.

Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

INGRAHAM, Circuit Judge:

This is an appeal in a Title VII case. Appellants, after receipt of an EEOC letter of authorization to sue, 42 U.S.C. § 2000e–5(e), 29 CFR § 1601.25 (1971), filed a complaint in the district court against the employer [1] and union.[2] Appellants, in their complaint before the district court, alleged that the employer with the union's acquiescence conducted an unlawful employment practice in maintaining a discriminatory hiring and transfer policy. Appellants based this action on three separate elements: Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e; the Civil Rights Act of 1870, 42 U.S.C. § 1981; and the duty of fair representation imposed on a union by the National Labor Relations Act. See Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967).

The district court granted appellee's motion to dismiss the complaint for failure to state a claim upon which relief could be granted. The court in its order held that appellants' complaint failed in that they had not filed their charge with the EEOC within ninety days of the alleged unlawful acts. While the order did not discuss either of appellants' other theories, it held this requirement of 42 U.S.C. § 2000e–5 to be a jurisdictional prerequisite. It further held that a discriminatory labor practice is not a continuing act rendering timely appellants submission to the EEOC.

The case being before us on an order sustaining an F.R.Civ.P. Rule 12(b) (6) motion to dismiss, we must accept the facts which are well plead to be true and resolve them in a light most favorable to the appellants. Conley v. Gibson, 355 U.S. 41, 45–48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); Spalitta v. National American Bank of New Orleans, 444 F.2d 291 (5th Cir., 1971). See also Jennings v. Patterson, 460 F.2d 1021 (5th Cir., 1972).

Appellants' complaint in the district court alleged that Negroes employed as city drivers by Johnson Motor Lines were prevented for racial reasons from transferring to the more lucrative job of over-the-road drivers. Compare the facts of United States v. Jacksonville Terminal Co., 451 F.2d 418 (5th Cir., 1971); and Bing v. Roadway Express, Inc., 444 F.2d 687 (5th Cir., 1971). Appellants alleged that on two occasions in 1967 they made written application for transfer and subsequently have orally reapplied. The district court construed the complaint as alleging an act of discrimination which occurred in 1967 when the written requests for transfer

---

1. Defendant-appellee Johnson Motor Lines, Inc.

2. Defendant-appellee's International Brotherhood of Teamsters and Teamsters Local 991.

were denied. The court held the allegations of continuing oral request insufficient to make appellants' application to the EEOC timely. In so doing the district court relied on two district court opinions, Culpepper v. Reynolds Metals Co., 296 F.Supp. 1232 (N.D.Ga., 1969) and Boudreaux v. Baton Rouge Marine Contracting Co., 304 F.Supp. 240 (E.D., La., 1969). Subsequently both cases were reversed on appeal by this court— *Culpepper* at 421 F.2d 888 (5th Cir., 1970), and *Boudreaux* at 437 F.2d 1011 (5th Cir., 1971).[3]

We cannot agree with the district court that a discriminatory labor practice may not be a continuing act. To so hold on the facts of this case would permit discriminatory acts to go unrebuked, a construction far too restrictive and alien to the liberal construction we have previously given the Civil Rights Act of 1964. Rogers v. EEOC, 454 F.2d 234 (5th Cir., 1971); Vogler v. McCarty, 451 F.2d 1236 (5th Cir., 1971); United States v. Jacksonville Terminal Co., *supra*; Long v. Georgia Kraft Co., 450 F.2d 557 (5th Cir., 1971); Caldwell v. National Brewing Co., 443 F.2d 1044 (5th Cir., 1971); Culpepper v. Reynolds Metal Co., *supra*; Oatis v. Crown Zellerbach, 398 F.2d 496 (5th Cir., 1968). Where the complainant has made recourse to the EEOC and the EEOC has attempted to obtain voluntary compliance, there is no reason to lock the courthouse door to his claim solely because he has alleged a contemporary course of conduct as an act of discrimination. Compare Caldwell v. National Brewing Co., *supra*, with Dent

v. St. Louis-San Francisco Ry. Co., 406 F.2d 399 (5th Cir., 1969). Accord, Waters v. Wisconsin Steel Works of International Harvester Co., 427 F.2d 476 (8th Cir., 1969), cert. den. United Order of Am. Bricklayers and Stone Masons, Local 21 v. Waters, 400 U.S. 911, 91 S. Ct. 137, 27 L.Ed.2d 151 (1970); Cunningham v. Litton Industries, 413 F.2d 887 (9th Cir., 1969). In any event, even if appellants' allegations of an oral request for promotion failed to state a continuing course of discrimination, a *de novo* determination of compliance with the ninety day requirement would better effectuate the purposes of the Act than would a Rule 12(b) (6) dismissal on the pleadings. Additionally, we note that the district court's dismissal order did not speak to appellants' allegations under 42 U.S.C. § 1981. Consequently, we reverse and remand for determination of what is in essence a factual question of whether Johnson Motor Lines has engaged in a discriminatory transfer policy. Compare Bing v. Roadway Express, Inc., *supra*, with Jennings v. Patterson, *supra*.

We reverse and remand this complaint seeking redress under Title VII and 42 U.S.C. § 1981, and direct the district court's attention to our opinion in Caldwell v. National Brewing Co., *supra*, holding actions under § 1981 an available remedy for discriminatory labor practices. Since such an action may lie against the union, we intimate no suggestion about the availability of an action under appellants' third proposition.

Reversed and remanded.

3. This court's decisions in *Culpepper* and *Boudreaux* left undecided the issue of whether the ninety day charge requirement of 42 U.S.C. § 2000e–5 was a jurisdiction prerequisite to suit. In *Culpepper*, 421 F.2d 888 at 891, the court, by way of dictum, intimated that the ninety day requirement was a jurisdictional prerequisite to a Title VII suit. Judge Wilkey, writing for the court in *Boudreaux*, 437 F.2d 1011, 1014–1015, n. 6, raised a substantial question as to the soundness of the *Culpepper* dicta, but having an alternative ground for the decision of the court, the panel declined to decide for the first time whether the ninety day filing requirement was indeed a jurisdictional prerequisite.