**Harry WILLETT, Plaintiff**

**v.**

**Hugh WELLS, etc., et al., Defendants.**

**No. CIV-2-77-112.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

On Motion for Appointment of Counsel Aug. 10, 1977.

Memorandum Opinion and Order Aug. 18, 1977.

On Motions to Dismiss Oct. 25, 1977.

Harry Willett, pro se.

Jerry W. Laughlin, Silvers, Randall & Laughlin, Larry W. Weems, William W. Tweed, Greeneville, Tenn., Robert L. Jolley, Jr., Asst. Atty. Gen., Nashville, Tenn., G. P.

Gaby, Milligan, Coleman, Fletcher, Gaby & Kilday and John A. Armstrong, Greeneville, Tenn., for defendants.

ON MOTION FOR APPOINTMENT OF COUNSEL

NEESE, District Judge.

This is a *pro se* action for monetary damages and equitable relief by a state prisoner against 11 persons, all but two of whom were at the pertinent times officials of the state of Tennessee, its subdivision, or one of its municipal corporations. The plaintiff, a citizen of the United States, claims the defendants, under color of Tennessee law, deprived him in a police investigation and state prosecution of federal rights guaranteed him by the Constitution, First, Fifth, Sixth, Eighth and Fourteenth Amendments. 42 U. S. C. § 1983. This Court's jurisdiction was invoked properly by the plaintiff under the provisions of 28 U.S.C. §§ 1343(3), (4).[1]

In 17 full-typed pages of his complaint, see Rule 8(a), Federal Rules of Civil Procedure, the plaintiff included claims for monetary damages against, *inter alia,* "* * * James Eddie Beckner, judge for the 20th judicial circuit [of Tennessee] * * *", "Daniel Crum, general sessions judge [of Greene County, Tennessee] * * *", "* * * Heiskell Winstead, [district] attorney general for the 20th judicial circuit [of Tennessee] * * *", and "* * * John Wilson, ass't district attorney [general of the 20th judicial circuit of Tennessee]. * * *"

As to the aforenamed judges, the plaintiff complains only of facts of those defendants in the exercise of their respective judicial functions at a time which such judge had jurisdiction over the parties involved and the subject matter of the litigation. Under the foregoing claims, Judges Beckner and Crum are immune from this action under the federal Civil Rights Act in so far as the plaintiff's claim for monetary damages is concerned. *Phipps v. Armour,* D.C.Tenn. (1971), 335 F.Supp. 768, 769[2]; *Gilland v. Hyder,* D.C.Tenn. (1967), 278 F.Supp. 189, 190[2]. This immunity is granted for the benefit of the public, whose interest in it is that judges be at liberty to exercise their functions with independence and without fear of the consequences. Imposing upon judges the burden of fearing that unsatisfied litigants may hound them with litigation would contribute to intimidation, not to principled and fearless decision-making. *Idem.* Because to require a judge to appear in an action such as this and enter a formal motion to dismiss the action against him might dampen the ardor of the judge in the unflinching discharge of his judicial duties, *idem.,* this Court hereby DISMISSES *sua sponte* the claims of the plaintiff Mr. Harry Willett against the defendants Judge James E. Beckner and Judge Daniel Crum in so far as they seek to recover monetary damages.

Mr. Willett complains also of the method by which the defendant Mr. Winstead presented the evidence concerning him to a grand jury as well as to certain evidence's not being presented to that body. He complains also that the defendant Mr. Wilson failed to reduce the charge against him seasonably and of the manner in which he presented certain evidence in trial. The plaintiff contends that both Messrs. Winstead and Wilson were acting in the roles of prosecutors of him in such actions.

In initiating the prosecution of Mr. Willett and in presenting the case of the state of Tennessee against him, these aforementioned defendants are likewise immune from this civil suit for monetary damages. *Imbler v. Pachtman* (1976), 424 U.S. 409, 431, 96 S.Ct. 984, 995, 47 L.Ed.2d 128, 144; *Kurz v. State of Michigan,* C.A. 6th (1977), 548 F.2d 172, 174[3]. There is no "* * * exception to [such] prosecutorial immunity. * * *" *Imbler v. Pachtman, supra,* 424 U.S. at 428, n. 27, 96 S.Ct. at 994, 47 L.Ed.2d at 142[10b]. Accordingly this Court hereby DISMISSES *sua sponte* the

1. Invocation of the Court's jurisdiction under the provisions of 28 U.S.C. § 1331 was redundant.

respective claims of the plaintiff Mr. Harry Willett against the defendants Messrs. Heiskell Winstead and John Wilson in so far as they relate to monetary damages.

The defendants Dr. C. D. Huffman, medical officer of Greene County, Tennessee, and Larry Connors, Greene County, Tennessee coroner, being sued in their respective capacities as officers of a subdivision of the state of Tennessee, as well as individually, the Court RESERVES the question, whether this action by a private individual seeks in that aspect to impose a liability which must be paid from public funds within the purview of the Constitution Eleventh Amendment.

MEMORANDUM OPINION AND ORDER

This is a transferred, 28 U.S.C. § 1404(a), civil action for monetary damages, injunctive relief against the defendants' "* * * harm of plaintiff's life, * * *" an award of fees for his attorney, and general relief. The plaintiff sought an aggregate of $5,500,000 in monetary damages from the defendants, all but one or two of whom was a state official engaged at the pertinent times in the performance of his official duties, for the claimed violations of his civil rights.

A United States magistrate of this district, designated to hear and determine the plaintiff's pretrial application to the Court to request an attorney to represent him herein, 28 U.S.C. § 1915(d), determined on August 2, 1977 that the Court should make no such request. 28 U.S.C. § 636(b)(1)(A). The plaintiff moved the Court to reconsider such denial, claiming ostensibly that such order of the magistrate "* * * is clearly erroneous [and] contrary to law. * * *" *Idem.*

The plaintiff has not shown that the aforementioned order of the magistrate was either erroneous or contrary to law. This Court has no duty to appoint counsel to represent an indigent plaintiff in a civil action; this Court is endowed with discretion in deciding whether so to do, *Moss v. Thomas,* C.A. 6th (1962), 299 F.2d 729, 730[3], but the provisions of 28 U.S.C. § 1915(d) do not require this Court to assign counsel. *Knoll v. Socony Mobil Oil Co.,* C.A. 10th (1966), 369 F.2d 425, 430 [12], certiorari denied (1967), 386 U.S. 977, 87 S.Ct. 1173, 18 L.Ed.2d 138, rehearing denied (1967), 386 U.S. 1043, 87 S.Ct. 1490, 18 L.Ed.2d 618, rehearing denied (1967), 389 U.S. 893, 88 S.Ct. 18, 19 L.Ed.2d 212.

"* * * [I]t is well settled that in civil actions the appointment of counsel should be allowed only in exceptional cases, *United States v. Madden,* 352 F.2d 792 [794] [6]. * * *" *Cook v. Bounds,* C.A. 4th (1975), 518 F.2d 779, 780[1]; see also *Rhodes v. Houston,* D.C.Neb. (1966), 258 F.Supp. 546, 578[2], affirmed C.A. 8th (1969), certiorari denied (1970), 397 U.S. 1049, 90 S.Ct. 1382, 25 L.Ed.2d 662. And, it is inappropriate to request an attorney to serve a plaintiff whose likelihood of success in his action is highly dubious. *Ibid.,* 258 F.Supp. at 579[35].

From his representations to this Court, the plaintiff does not appear to be in more exceptional circumstances than most state prisoners who undertake to hail into court everybody connected in any way with that prisoner's conviction of crime in an effort to collect money damages from them. Furthermore, only out of an abundance, if not excess, of caution does this Court not now dismiss the plaintiff's remaining claims as frivolous and perhaps even malicious.[2] See 28 U.S.C. § 1915(d).

2. Boiled-down to its essentials, Mr. Willett's remaining claims are that the defendants Messrs. Wells, Rollins and Hinkle falsely arrested and imprisoned him; that Mr. Rollins then interrogated him "illegally" in the absence of his attorney and caused a warrant to be issued against him prematurely in the incompleted investigation; that the defendant Dr. Huffman issued a false certificate of death of the plaintiff's victim and swore falsely concerning it; that the defendant Mr. Connors withheld the fact that the autopsy of the victim's body reflected the cause of death as acute alcoholism rather than blows to the head as Dr. Huffman found; that the defendant Mr. Weems, Esq. was ineffective counsel; and that the defendant Mr. Rogers, Esq. stipulated to the professional qualifications of Dr. Huffman when his opinion

■ The plaintiff's aforementioned motion for a reconsideration of the magistrate's pretrial determination thereby is DENIED, and such determination hereby is ACCEPTED. This being deemed an order from which an appeal may lie, Rule 54(a), Federal Rules of Civil Procedure, this Court hereby determines expressly that there is no just reason for delay and DIRECTS the clerk to enter judgment that the application of the plaintiff for the Court to request an attorney to represent herein the plaintiff, as a person unable to employ counsel, is denied. Rule 58(1), Federal Rules of Civil Procedure.

This collateral order being deemed the final disposition of a right claimed by the plaintiff which is not an ingredient of his cause of action herein which requires specific consideration with it, *Cohen v. Beneficial Industrial Corp.* (1949), 337 U.S. 541, 546–547, 69 S.Ct. 1221, 93 L.Ed. 1528, 1536 (headnote 2); *cf.* also *Swift & Co. v. Compania Colombiana* (1950), 339 U.S. 684, 689, 70 S.Ct. 861, 94 L.Ed. 1206, 1210–1211 (headnote 3), should the plaintiff give timely notice of an appeal from the judgment hereon to be entered herein, he is authorized to proceed on such appeal in forma pauperis. Rule 24(a), Federal Rules of Appellate Procedure.

## ON MOTIONS TO DISMISS

This is a *pro se* civil action by a state prisoner seeking monetary damages, injunctive relief, attorney's fees, and general relief. It is alleged that the eleven named defendants deprived the plaintiff of his civil rights guaranteed by the Constitution, First, Sixth, Eighth, and Fourteenth Amendments. The Court's jurisdiction was invoked under 28 U.S.C. §§ 1343(3), (4), for a claim allegedly arising under 42 U.S.C. § 1983.

The defendants (in several joint and separate motions) moved the Court for a dismissal of all remaining claims herein for essentially the failure of the plaintiff to state a claim against them, respectively, upon which relief can be granted. Rule 12(b)(6), Federal Rules of Civil Procedure. The plaintiff filed a "motion to reinstate all defendants for monetary damages." Each such motion was referred to a magistrate of this district for a report and recommendation as to the disposition thereof by the Court. 28 U.S.C. § 636(b)(1)(B). The magistrate recommended that each of the defendant's aforementioned motions be granted and this action be dismissed for the failure of the plaintiff to state a claim against any defendant upon which relief can be granted, and that the plaintiff's aforementioned motion be denied. *Idem.*

The plaintiff filed (and presumably served) timely written objections to the magistrate's recommendations, 28 U.S.C. § 636(b)(1). The Court will treat such as objecting to each and every aspect of the magistrate's recommendations. Thus, the aforementioned motions will be considered *de novo. Idem.*

The Court previously dismissed *sua sponte* the plaintiff's claims for monetary damages herein against the defendants Judges Beckner and Crum and against Messrs. Winstead and Wilson. Memorandum opinion and order herein of August 10, 1977. For the reasons stated therein, the plaintiff's present "motion to reinstate all defendants for monetary damages" lacks merit. The recommendation of the magistrate in this regard hereby is ACCEPTED, and such motion hereby is DENIED.

■ The defendants Drs. C. D. Huffman and Larry Connors were the duly elected medical examiner and coroner, respectively, of Greene County, Tennessee at all pertinent times. All allegations of the complaint herein relate to purported conduct by these defendants occurring within the scope and course of their official positions. Thus,

varied from that of the pathologist who performed the autopsy, and was late in filing the plaintiff's appeal.

The Court expresses no opinion at this time as to whether the defendants Messrs. Weems and Rogers, Esqs. were acting under the color of Tennessee law as counsel appointed by a Tennessee state court to represent Mr. Willett. See *Mulligan v. Schlachter,* C.A. 6th (1968), 389 F.2d 231, 233[3].

Drs. Huffman and Connors were acting as quasijudicial officers and they are immune from the plaintiff's claim against them for monetary damages. *Mills v. Small,* C.A.9th (1971), 446 F.2d 249[2], certiorari denied (1971), 404 U.S. 991, 92 S.Ct. 535, 30 L.Ed.2d 543; *Hebert v. Morley,* D.C.Cal. (1967), 273 F.Supp. 800, 803[3]; *accord: Sheppard v. E. W. Scripps Co.,* C.A.6th (1970), 421 F.2d 555, 558–559 (concurring opinion of McCree, J.).

42 U.S.C. § 1983 contains no statute of limitation, so this Court must apply the Tennessee statute of limitation which would be applicable in the most closely analogous state action. *Carmicle v. Weddle,* C.A.6th (1977), 555 F.2d 554, 555[1]. The Tennessee state action, most closely analogous to this federal action brought under 42 U.S.C. § 1983, is a state action arising under the federal civil rights statute; accordingly, the applicable period of limitation herein is the one year provided for in T.C.A. § 28–304. *Harrison v. Wright,* C.A.6th (1972), 457 F.2d 793; *Williams v. Hollins,* C.A.6th (1970), 428 F.2d 1221; *Kaltenborn v. Excel Personnel,* D.C.Tenn. (1972), 339 F.Supp. 129, 130; see also *Johnson v. Railway Express Agency* (1975), 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295, (applying T.C.A. § 28–304 to a civil rights action arising under the provisions of 42 U.S.C. § 1981).

The only conduct of the defendants Messrs. Hinkle, Rollins, and Wells complained of herein is alleged to have occurred on January 7, 1976. This action was commenced (in the District Court for the Middle District of Tennessee) on July 22, 1977. There is no merit to the plaintiff's contention that the aforementioned one-year limitation period is tolled because of his incarceration. *Harrison v. Wright, supra,* 457 F.2d at 793[2]; *Williams v. Hollins, supra,* 428 F.2d at 1221–1222. This action is barred as to these three immediately aforenamed defendants.

"* * * [42 U.S.C.] § 1983 provides a remedy only against one acting under color of state law. * * * [A] private attorney, does not fall within this category, despite the fact that he [was] appointed by the [state] court. * * *" *Mulligan v. Schlachter,* C.A.6th (1968), 389 F.2d 231, 233[3]; *accord: United States ex rel. Simmons v. Zibilich,* C.A.5th (1976), 542 F.2d 259, 261[2] and *Harris v. Ward,* D.C.N.Y. (1976), 418 F.Supp. 660, 661[1]. The plaintiff would not be entitled to any relief herein against the defendants Messrs. Weems and Rogers whom, he alleged, were at all times acting in their respective capacities as private attorneys appointed by a state criminal court to represent him.

In addition to monetary damages, the plaintiff seeks herein "* * * [t]hat the Court issue a restraining order against all defendant [sic] in this cause from harm of plaintiff's life. * * *" No factual basis for this prayer for relief is found in the complaint.

It is difficult to discern just what type of injunctive relief the plaintiff is seeking. There is no claim that any defendant herein is about, or is even remotely likely, to act in any manner harmful or threatening to Mr. Willett; much less that any such conduct would amount to a deprivation of some federally-secured right of the plaintiff. Rather, the only claims of the plaintiff herein are in regard to certain past alleged conduct of the defendants in connection with the criminal trial which has apparently resulted upon his conviction and his present incarceration.

This Court cannot enjoin conduct which is neither threatened or imminent. *Congress of Racial Equality v. Douglas,* C.A.5th (1963), 318 F.2d 95, 100[7], certiorari denied (1963), 375 U.S. 829, 84 S.Ct. 73, 11 L.Ed.2d 61. Injunctive relief is not available unless the plaintiff's right thereto is clear and unless some real possibility of injury to him is impending or threatened which can only be averted by the protective extraordinary process of an injunction. *Detroit News. Pub. Ass'n v. Detroit Typo. Un. No. 18, Etc.,* C.A.6th (1972), 471 F.2d 872, 876[7], certiorari denied (1973), 411 U.S. 967, 93 S.Ct. 2149, 36 L.Ed.2d 867. A fear of harm on the part of Mr. Willett which lurks only theoretically in the future does not

justify injunctive relief. *Capobianco v. First National Bank of Palmerton,* D.C.Pa. (1974), 372 F.Supp. 416, 421[3].

Despite the liberal nature of modern federal pleading, the plaintiff was required to include in his complaint a short and plain statement of his claim showing that he is entitled to the injunctive relief for which he prayed. Rule 8(a)(2), Federal Rules of Civil Procedure. The allegations of the complaint herein are insufficient for this purpose, and there is no duty on the part of this Court to create a claim which the plaintiff has not spelled out in his complaint. *Clark v. National Travelers Life Insurance Co.,* C.A.6th (1975), 518 F.2d 1167, 1169[2]. "* * * Courts deal with cases upon the basis of the facts disclosed, never with nonexistent and assumed circumstances." *Associated Press v. National Lab. Rel. Bd.* (1937), 301 U.S. 103, 132, 57 S.Ct. 650, 655, 81 L.Ed. 953, 960 (headnote 3). Finally, to the extent that the plaintiff may be attacking the fact or duration of his confinement because of the alleged unconstitutional acts of state officials, he cannot rely upon 42 U.S.C. § 1983 but must resort to the federal habeas corpus statute, 28 U.S.C. § 2254, after first having raised unsuccessfully such issues in the courts of the state of Tennessee. *Preiser v. Rodriguez* (1973), 411 U.S. 475, 489–490, 93 S.Ct. 1827, 36 L.Ed.2d 439, 450[10].

In light of the foregoing, the plaintiff failed to state a claim against any defendant herein upon which any relief could be granted. It further appears to a certainty that he would be entitled to no relief under any state of facts which could be proved in support of his claims. See: *Westlake v. Lucas,* C.A.6th (1976), 537 F.2d 857, 858[1–4]; *Fitzke v. Shappell,* C.A.6th (1972), 468 F.2d 1072, 1076–1077[3–5], n. 6.

Accordingly, the recommendation of the magistrate hereby is ACCEPTED; the plaintiff's objections thereto hereby are OVERRULED; and this action hereby is DISMISSED for the plaintiff's failure to state a claim against any defendant herein upon which relief can be granted.[3]

3. Were the plaintiff not indigent, the Court in its discretion would seriously consider allowing the defendants, as the prevailing parties herein, a reasonable attorney's fee as part of the costs under 42 U.S.C. § 1988.