**Bobbie Ray PINCKNEY**

v.

**COUNTY OF NORTHAMPTON et al.**

**Civ. A. No. 75–2770.**

United States District Court,
E. D. Pennsylvania.

Oct. 12, 1976.

promote her to the position of Social Worker III on January 1, 1973, and by causing her discharge in June 1973. She claims that defendants promoted two white persons even though neither, in terms of past performance or ability, was more qualified than plaintiff for the promotion. Defendants are the County of Northampton, the County Commissioners, the Northampton Children's Bureau and its executive director, R. Nancy Haley. We have concluded that defendants' motion must be denied as to the Title VII claim and granted, in part, on the § 1983 claim.

A summary of the pertinent allegations of the complaint reveals that plaintiff was hired on May 4, 1970, in the capacity of Social Worker II and placed in charge of the Children's Bureau Office in Bethlehem. During absences of defendant Haley, plaintiff was also in charge of the Bureau's Easton office. On October 3, 1971, and June 6, 1972, respectively, defendants hired two white persons in the capacity of Social Worker II, and on January 1, 1973, without notice to plaintiff promoted both to Social Worker III on the recommendation of defendant Haley, which was condoned and ratified by the other defendants. The gravamen of the complaint is that defendants discriminated against plaintiff solely because of her race in failing to promote her to the higher paying position thus violating her civil rights under color of state law and committing an unlawful employment practice under Title VII. Plaintiff, having unsuccessfully attempted to correct the discriminatory practice with defendants, tendered her resignation on March 29, 1973, effective June 29, 1973.

Plaintiff filed charges of discriminatory practices with the Pennsylvania Human Relations Commission on May 15, 1973, and with the Equal Employment Opportunity Commission on June 20, 1973 (affidavit of Richard A. Heil, Chief Clerk to the Commissioners of Northampton County). The Pennsylvania Human Relations Commission issued a complaint on July 20, 1973, attempted conciliation and finally on October 25, 1973, the County Commissioners offered

Charles W. Bowser, Philadelphia, Pa., for plaintiff.

Edward H. Feege, Allentown, Pa., for defendants.

## MEMORANDUM

TROUTMAN, District Judge.

In this employment discrimination action, defendants have filed a motion for summary judgment. Asserting jurisdiction under 28 U.S.C. § 1331 and § 1343 and 42 U.S.C. § 2000e-5(f), plaintiff, a black female, charges that defendants violated her employment rights under 42 U.S.C. § 1983 and § 2000e *et seq.* by discriminatorily failing to

to promote plaintiff to the position of Social Worker III, effective January 1, 1973, but did not offer to reinstate plaintiff to her position with the Children's Bureau.

The Children's Bureau Chief Executive Officer received a Notice of Charge of Employment Discrimination from the Philadelphia District Office of the Equal Employment Opportunity Commission (EEOC) on August 13, 1973. (Heil affidavit ¶ 5). On March 22, 1974, defendants received a copy of the charge plaintiff filed with the EEOC. By letter dated April 18, 1975, the EEOC notified Heil that it had determined there was reasonable cause to believe that a violation of Title VII had been committed and invited conciliation. On August 8, 1975, the EEOC issued a Notice of Right to Sue letter to the plaintiff. This action was timely filed within ninety days.

■ Defendants have advanced a number of arguments in their motion for summary judgment on the § 1983 and § 2000e claims. Their first argument is that plaintiff's Title VII claim is barred by the Statute of Limitations, i. e., that the appropriate Statute of Limitations, 12 P.S. § 34, two years, bars this action since it was commenced more than two years from the date of the allegedly discriminatory practice, January 1, 1973.[1]

■ We may dispose of this argument quickly for it proceeds on an erroneous premise, i. e., that Title VII is governed by the most analogous state statute of limitation because it establishes no limitations period. Title VII expressly sets forth limitation periods governing the timing of the initial filing of a charge of employment discrimination—within one hundred eighty days after the employment practice occurred or within three hundred days after the unlawful practice if the person aggrieved has initially commenced proceedings with a state or local agency with authority

to grant or seek relief from such practice. 42 U.S.C. § 2000e–5(e). Moreover, Title VII expressly provides that a person claiming to be aggrieved may initiate a civil action in the District Court only if such action is commenced within ninety days after receipt of appropriate notification from the EEOC that conciliation efforts have been unsuccessful, usually accomplished by a notice of right to sue letter. 42 U.S.C. § 2000e–5(f)(1).

Title VII thus in clear terms delineates the time limitations within which the grievant must initially resort to the administrative machinery of the EEOC (or state employment agency) and, once administrative conciliation has proven ineffective, within which the grievant must commence a civil action in the District Court. *Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 47, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974); *Wetzel v. Liberty Mutual Life Insurance Co.,* 508 F.2d 239 (3d Cir.) *cert. denied* 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975).

This extensive and detailed statutory treatment of the timing of Title VII actions is inapposite to the situation prevailing in actions based on 42 U.S.C. § 1983 because § 1983 is silent on the question of the period of limitation. Defendants' argument thus must be rejected on this basis. Moreover, if each state's statute of limitations were engrafted into the already detailed federal statutory framework for the timing of Title VII actions, it is conceivable that Title VII civil actions would be governed by a different statute of limitations in each of the fifty states, a result with amazing and disastrous ramifications.

Defendants also argue that they are entitled to judgment as a matter of law because plaintiff prematurely demanded a right-to-sue letter from the EEOC, thus forestalling and preventing the EEOC from engaging in

---

1. Defendants also argue that plaintiff's filing of her charge with the Pennsylvania Human Relations Commission was untimely because it was filed more than ninety days after the date of the "non-promotion". Even if we were to conclude that the state-filed employment discrimination charge was untimely, which we do not,

the EEOC charge was timely lodged, within one hundred and eighty days of the discriminatory failure to promote, and the ninety-day state limitation would not affect the validity of the EEOC charge anyway. *See DeGideo v. Sperry-Univac Company,* 415 F.Supp. 227 (E.D.Pa. 1976).

efforts to conciliate her claim administratively. Specifically, they point out that the Philadelphia District Office of the EEOC in a letter to the defendants advised that they were issuing a right-to-sue letter because the plaintiff decided not to authorize conciliation efforts in her case, (Heil affidavit, Exhibit 8, letter dated August 14, 1975 from Thomas P. Hadfield, District Director), and argue that Title VII requires that the EEOC engage in efforts to conciliate as a condition precedent to the right to resort to a court action.

Again, we cannot agree with defendants' position, for nowhere does Title VII require exhaustion in the sense of actual attempts at conciliation by the EEOC as a condition precedent to the grievant's right to file an action in the District Court. On the contrary, 42 U.S.C. § 2000e–5(f)(1) provides in pertinent part:

" * * * [I]f within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d) of this section, whichever is later * * * the *Commission has not entered into a conciliation agreement* to which the person aggrieved is a party, the *Commission,* * * *, shall so notify the person aggrieved and within ninety days after giving of such notice a civil action may be brought* * * * ". (Emphasis added.)

Manifestly, the Act does not require actual conciliation efforts by the EEOC; rather, what is required is that the EEOC be given the *opportunity* to pursue conciliation. *Johnson v. Railway Express Agency,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975); *Johnson v. Seaboard Air Line R. Co.,* 405 F.2d 645 (4th Cir. 1968) *cert. denied, Pilot Freight Carriers, Inc. v. Walker,* 394 U.S. 918, 89 S.Ct. 1189, 22 L.Ed.2d 451 (1969). Administrative exhaustion is accomplished when the EEOC fails to enter into a conciliation agreement after timely filing of a charge and the expiration of any period of reference provided in § 2000e–

5(f)(1). *See Bernstein v. National Liberty Intern. Corp.,* 407 F.Supp. 709, 714 n. 4 (E.D.Pa.1976). If *actual* attempts at conciliation were required, the language of § 2000e–5(b) would be meaningless. Under § 2000e–5(b), once the EEOC determines after investigation that there is no reasonable cause to believe that a grievant's charge is true, it is required " * * * to dismiss the charge and promptly notify the person claiming to be aggrieved * * * ". Once the charge is dismissed by the EEOC and the aggrieved person notified, no court action could be maintained if actual conciliation were required, and no redress would be available to such a grievant.

Moreover, even if actual attempted conciliation were required, which we conclude it is not, in this case it appears that informal conciliation *was* apparently attempted, albeit by the Pennsylvania Human Relations Commission. Obviously, that attempt was not fruitful. Because of the statutory requirement that the EEOC defer to the local or state employment agency prior to assuming jurisdiction, it appears logical that attempted conciliation by the state agency would serve the same purpose as attempted conciliation by the EEOC. In either event, the employer is notified of the existence, substance and nature of the grievant's claim. Accordingly, we conclude that defendants' argument must be rejected.

Defendants also claim that several procedural errors mandate summary judgment on the Title VII claim: [2] (1) in violation of § 2000e–5(c) the plaintiff filed her charge with the EEOC prematurely, before sixty days had elapsed from the date when the charge with the Pennsylvania Human Relations Commission was filed; and (2) the instant action cannot be maintained because the EEOC failed, in violation of 2000e–5(b), to serve a copy of the charge on defendants within ten days of filing. Both of these contentions must be rejected. The fact that a charge is filed with the EEOC

---

**2.** Defendants also advanced an argument based on the 11th Amendment; it, as they now concede, has been laid to rest in *Fitzpatrick v.*

*Bitzer,* 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976).

before a sixty-day period elapses from the date of a charge filed with a state agency does not render the EEOC charge nugatory. The EEOC, as the record conclusively shows in this case, did not assume jurisdiction until the sixty-day period had elapsed. (Complaint ¶ 12, Heil affidavit, Exhibit 3). This procedure by the EEOC has been approved. *Love v. Pullman Co.*, 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972); 29 CFR § 1601.12(b)(1)(iii). Moreover, § 2000e–5(b) does not require that a copy of the *charge* itself be filed on the defendants; it requires only that *notice* of the charge be given within ten days. The record in this case shows that the defendants did receive timely notice. Accordingly, we conclude that defendants are not entitled to summary judgment on the Title VII claim.

As to plaintiff's claim under 42 U.S.C. § 1983, defendants contend that: (1) the statute of limitations has run; (2) the individual defendants were not "persons" under § 1983 when they acted in their official capacities; (3) the individual defendants enjoy the sovereign immunity conferred on the state by the 11th Amendment; and (4) the institutional defendants, the County of Northampton and Northampton County Children's Bureau, are not "persons" under § 1983.[3]

■ We conclude that defendants' argument set forth in (2) and (3) above cannot be sustained. Under § 1983, these defendants do not enjoy the immunity conferred on the sovereign on the ground that they acted in their "official" capacities as agents of the sovereign. If this were true, then § 1983 would be nullified. Whether the individual defendants are immune from damages under § 1983, once a constitutional infringement has been proved, is a question appropriately resolved on a full factual foundation which defendants must develop as an affirmative defense, *Safeguard Mutual Insurance Co. v. Miller*, 472 F.2d 732 (3d Cir. 1973), which will depend on the nature of defendants' duties, the manner in which these were performed in the specific instance alleged to be discriminatory and unconstitutional, their state of mind and understanding of the impact of their actions. *Wood v. Strickland*, 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975); *Scheur v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The record is not ripe for such a determination.

■ Whether or not the statute of limitations has run on the § 1983 claim depends, of course, on what the limitations period is. Since 42 U.S.C. § 1983 does not contain a period of limitations, we must look to the limitations period which would govern a similar action if it were brought in the state court. *Johnson v. Railway Express Agency*, 421 U.S. 454, 462, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). Plaintiff argues that the most appropriate state statute of limitations is six years, 12 P.S. § 31, while defendants contend that this claim is time-barred because it was not filed within the two-year period set out in 12 P.S. § 34. Each side cites cases in this Circuit in support since there is a clear split of authority.

It has been held that the two-year statute, 12 P.S. § 34, governs actions under § 1981 charging racial discrimination in employment, *Davis v. U. S. Steel Supply, Div. of U. S. Steel*, 405 F.Supp. 394 (W.D.Pa. 1976); *Wilson v. Sharon Corporation*, 399 F.Supp. 403 (W.D.Pa.1975) *appeal pending*, and actions under § 1983 claiming sex discrimination in employment, *Presseisen v. Swarthmore College*, 71 F.R.D. 34 (E.D.Pa. 1976), Bechtle, J. There is considerable authority, however, that a claim of racial discrimination in employment is more closely analogous to actions based on contract, governed by the general six-year statute, 12 P.S. § 31: *Dupree v. Hertz Corporation*, 419 F.Supp. 764 (E.D.Pa.1976), Newcomer, J.; *Beamon v. W. B. Saunders Co.*, 413 F.Supp. 1167 (E.D.Pa.1976); *Fontaine v. Tasty Baking Co.*, C.A.No.74–831 (E.D.Pa.) April 29, 1975, Huyett, J.; *Dudley v. Textron, Inc., Burkhart-Randall Division*, 386 F.Supp. 602, 606–607 (E.D.Pa.1974); *Jones v. United Gas Improvement Corporation*, 383 F.Supp. 420,

---

**3.** Plaintiff conceded at oral argument that she was not pressing her § 1983 claim against these two defendants and agreed to dismissal of that claim as to these defendants.

428–432 (E.D.Pa.1974); *see also Yatzor v. Allen,* 365 F.Supp. 875 (W.D.Pa.1978) *aff'd* 503 F.2d 1400 (3d Cir. 1974) *cert. denied* 420 U.S. 929, 95 S.Ct. 1130, 43 L.Ed.2d 401 (1974).

After a careful review of these authorities, we conclude that the better reasoning supports the application of the six-year, not the two-year, state statute of limitations. Here, the plaintiff is complaining about defendants' alleged wrongful treatment which occurred in the course of a contractual relationship of employment and which caused harm to her in that relationship, a situation distinguishable from a tort-type action involving personal injury caused by wrongful "physical conduct of an irregular or sudden nature." *Dudley v. Textron, Inc., Burkhart-Randall Division, supra.* Moreover, the limitation period for an analogous action—interference with contractual relations—is six years,[4] *Jones v. United Gas Improvement Corporation, supra.* In addition, evidence to support, or to rebut, plaintiff's claim will likely be preserved in documented employment records and files, and defendants were placed on notice of a possible claim less than six months after the alleged discrimination occurred, giving them an opportunity to preserve pertinent evidence. *Dupree v. Hertz Corporation, supra; Beamon v. W. B. Saunders Co., supra.* The vicissitude of failing memories which often occurs with the passage of time in tort actions premised on personal injury caused in split-second accidents or events is not a significant factor here since the proof may be largely a matter of producing relevant records. Thus, the rationale undergirding the two-year limitation for torts does not operate with full force in this situation. Accordingly, we will deny defendants' motion based on the statute of limitations.

**4.** In their argument on the statute of limitations in Title VII actions, defendants contended that the two-year limitation under the Pennsylvania Equal Pay Law, 43 P.S. § 336.5, was applicable. While a claim under the Equal Pay Law for equal wages not paid due to sex discrimination is arguably analogous to this action, we conclude that plaintiff's claim here—racial discrimination in the defendants' failure to promote—is different in a fundamental way because it is based on impermissible discrimination in a different context—a promotion not awarded due to race.