Shirley **ASKINS** et al., Plaintiffs,

v.

**IMPERIAL READING CORPORATION
et al., Defendants.**

**Civ. A. No. 76–0011(L).**

United States District Court,
W. D. Virginia,
Lynchburg Division.

Sept. 28, 1976.

**414**

Alexander W. Bell, Bell & Coward, Lynchburg, Va., for plaintiffs.

Edward Katze, E. Bruce Mather, Atlanta, Ga., John R. Alford, Caskie, Frost, Hobbs & Hamblen, Lynchburg, Va., for defendants.

## MEMORANDUM OPINION AND ORDER

### TURK, Chief Judge.

This action alleging race and sex discrimination in employment has been brought as a class action by past and present employees of Defendant Imperial Reading Corporation under Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, the 1871 Civil Rights Act, 42 U.S.C. § 1985 and the Equal Pay Act, 29 U.S.C. § 206.[1] Imperial asserts that this court lacks subject matter jurisdiction over plaintiffs' Title VII claims due to their failure to file a timely judicial complaint. Alternatively, Imperial contends that the asserted untimely filing should bar those Title VII claims or limit plaintiffs' back pay recovery thereon. The court, after review of the exhaustive briefs of the parties, is constrained to conclude that Imperial's motion for summary judgment should be denied.

Plaintiffs commenced this action on February 23, 1975, less than ninety days after receipt of "right to sue" letters from the Equal Employment Opportunity Commission. (Deposition of Treadwell O. Phillips, Defendant's Exhibits 31–35.) The EEOC's administrative processes began in May, 1971, when each of the named plaintiffs filed charges of race and sex discrimination with that agency. (Tr. pp. 9–16, 15–19, 20). Plaintiff Wayne filed further charges against Imperial and her collective bargaining agent, Defendant Local 205, United Garment Workers on June 29, 1971 and February 13, 1973. (Tr. p. 10). After an unsuccessful attempt at "pre-determination" settlement of the consolidated charges against Imperial, and after an investigation of almost two years duration, the EEOC issued letters of determination (LOD) containing its findings as to the allegations of race and sex discrimination raised by the charging parties. An LOD dated February 1, 1974 concluded that there was reasonable cause to believe Imperial was engaging in such discrimination, although no reasonable cause was found as to several claims made in the charges. (Tr. pp. 23, 25, 30, 34, Defendant's Exhibit 16). Additional LODs were issued on March 1, 1974, containing findings of reasonable cause as to the Wayne retaliation charge of June 29, 1971 and as to her charge against the Local. (Tr. pp. 35–36, Defendant's Exhibits 17 and 18).

Further conciliation efforts were unavailingly entered into by both the EEOC and Imperial, but were concluded when the EEOC sent plaintiff Wayne a notification of failure to obtain conciliation on August 22, 1974. That notice stated in part:

> Should you decide to seek settlement in a Federal District Court, I have attached the form required to request a "notice of Right to Sue". Upon receipt of the "Right to Sue Notice", your attorney has thirty (30)(sic) days to file your case in court. (Defendant's Exhibit 30).

Although Ms. Wayne promptly filed her request for a "right to sue" letter, the EEOC did not issue the letters to the parties until November 25, 1975. (Defendant's Exhibits 31–35). Deponent Phillips, the

---

1. The Equal Pay claims concern only sex discrimination, and are subject to the special procedures of the Fair Labor Standards Act for maintenance of "class" actions thereunder.

EEOC District Director concerned with the charges, has testified that this delay was occasioned by referral of the cases to the EEOC's Philadelphia Litigation Center and a staffing problem in his own office. (Tr. pp. 50, 66–69). Paradoxically, the "right to sue" letters were styled as notices of failure to conciliate and notices of right to sue, and advised the charging parties that no conciliation had been effected. (Defendant's Exhibits 31–35).

Imperial's first contention is that the ninety-day period of limitation set forth in Title VII for the filing of a private action was triggered by the failure of conciliation notice of August 22, 1974 rather than the later right to sue letters. § 706(f)(1) of the Act states that after:

> . . . the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by [a] person claiming to be aggrieved . . . . 42 U.S.C. 2000e–5(f)(1).

Several courts have construed this language to bar Title VII actions filed more than ninety days after a receipt of failure to conciliate notice. See, e. g., DeMatteis v. Eastman Kodak, 511 F.2d 306, reh. granted, 520 F.2d 409, (2nd Cir. 1975). In so reading the statute, these courts have condemned the "two letter" system whereby the EEOC, as here, notified the parties first of a dismissal of charges or of a failure to obtain conciliation and then, in a separate, later notice, of the right to sue.

■ In Garner v. duPont, 538 F.2d 611, (4th Cir. 1976), however, the Fourth Circuit expressly approved of the "two letter" system as an appropriate implementation of the notice requirements of § 706(f)(1). 12 FEP Cases at 1785. See also, Clanton v. Allied Chemical Corp., 416 F.Supp. 39, (E.D. Va.1976). Accordingly, the period of limitation began to run in this case only when plaintiffs received their "right to sue" letters.

■ Imperial alternatively argues that the limitation period commenced as of the February 1st LOD respecting those claims as to which no reasonable cause was found by the EEOC. DeMatteis v. Eastman Kodak, supra. In that case, a single plaintiff's charge was dismissed by the EEOC with unequivocal notice to him that the administrative process had been concluded and that the ninety-day filing period had begun. The court held plaintiff's judicial action barred as he had filed his complaint more than ninety days after receipt of the dismissal. Here, the charging parties received no such clear notice. Rather, the LOD at issue encompassed different findings on the multiple claims of the five charging parties. It ended with an invitation to conciliation rather than a dismissal of even those claims found unmeritorious. (Defendant's Exhibit 16, p. 10). It is difficult to discern how the affected charging parties could have practically proceeded to raise the discrete allegations as to which no reasonable cause was found, while awaiting further administrative action on the remaining related charges.

In light of Garner's approval of the two letter system, and its holding that the right to sue letter triggers the filing period, the court must conclude that it has subject matter jurisdiction over the claims deemed without merit by the EEOC. These claims further appear properly before the court irrespective of the EEOC determinations as to reasonable cause because they are within the scope of an EEOC investigation under the standard of Sanchez v. Standard Brands, 431 F.2d 455 (5th Cir. 1970); see also, EEOC v. General Electric, 532 F.2d 359 (4th Cir. 1976). Similarly, the retaliation allegations which were not the subject of an EEOC charge are sufficiently related to those charges upon which jurisdiction is predicated to be included in this action.[2]

---

2. Paragraph 9 of the complaint, alleging retaliatory harassment is also properly before the court under the Sanchez standard.

Imperial next argues that the statute of limitations set forth in *Va. Code Ann.* § 8–24 applies to bar this suit or, at least, recovery of back pay. The application of state statutes of limitation to Title VII actions has been approached differently by different courts. The Fifth Circuit has borrowed state limitation statutes in Title VII actions, but has held that the state limitation period is tolled during pendency of EEOC administrative proceedings. *Franks v. Bowman Transportation Co.,* 495 F.2d 398, (1974), *rev'd on other grounds,* 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976). While not reaching the tolling question, this court in dicta has stated that the appropriate state statute would operate in a private action under Title VII. *EEOC v. Christiansburg Garment,* 376 F.Supp. 1067, 1071 (1974). That case involved the vindication of public rights by the EEOC, rather than a private party and thus the state statute of limitations was held not to apply. Upon reflection, and in the absence of controlling authority, this court is of the opinion that Title VII contains its own periods of limitation and that state law cannot control whether an action is barred thereunder. *Pittman v. Anaconda Wire,* 408 F.Supp. 286, (E.D.N.C.1974). Title VII also contains an express limitation on the extent of back pay relief. 42 U.S.C. § 2000e–5(g). This federal standard should govern the Title VII aspects of this case rather than any state limitations period.

Finally, Imperial has made no particularized showing of prejudice so as to entitle it to dismissal of this action on the grounds of laches. This court shares the concern expressed by the Eighth Circuit sitting en banc in *Lacy v. Chrysler Corp.* 533 F.2d 353, 361–362 (1976) as to the delays litigants and eventually courts encounter at the hands of the EEOC. In this case, the EEOC's delay means that a court sitting in 1976 will be adjudicating claims that reach back to 1969. No doubt the evidence adduced will reach even further into the past decade. Nonetheless, this court cannot "penalize Title VII plaintiffs for the mistakes of the EEOC", *Bulls v. Holmes,* 403 F.Supp. 475, 480, (E.D.Va.1975), in the absence of

specific prejudice to the Defendant. This is not to say that as this action progresses, the doctrine of laches may not, if appropriate, be applied in any relief granted.

For the reasons expressed above, Defendants' motion for summary judgment is hereby denied, and the stay of discovery imposed previously by the court pending resolution of this motion is accordingly dissolved. It is so ORDERED.