Frederick P. DIXON

v.

UNIVERSAL ATLAS CEMENT DIVISION, U.S. Steel Corporation, United Steelworkers of America, District 19, Local 4223.

Civ. A. No. 76–1469.

United States District Court,
W. D. Pennsylvania.

April 7, 1977.

David B. Washington, Pittsburgh, Pa., for plaintiff.

Richard F. Lerach, Pittsburgh, Pa., for defendant.

## MEMORANDUM

KNOX, District Judge.

The plaintiff in this case, Frederick D. Dixon, was formerly employed by the Atlas Cement Division of the United States Steel Corporation as a grinderman in the operations department of a plant located in Universal, Pennsylvania, Allegheny County. The plaintiff's complaint, filed on November 22, 1976, alleges that on August 12, 1972, "plaintiff went to the supervisor's office to request use of his telephone since none was available in his immediate work area and his request was refused. On August 15, 1972, plaintiff was notified that he was suspended. . . ."

On August 22, 1972, the plaintiff filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission and on August 24, 1976, the EEOC issued a "Notice of Right to Sue." The notice was received by plaintiff on August 26, 1976.

Pending before the court for decision are three motions. On February 3, 1977, the defendant local union filed a "Motion to Dismiss and Motion for Summary Judgment". This motion will be granted. Also on February 3, 1977, the defendant local union filed a "Motion to Strike from the jury trial list". This motion will also be granted. Finally, on February 18, 1977, defendant United States Steel Corporation filed a "motion to strike, motions to dismiss

and in the alternative a motion to compel joinder of additional defendant." The motion to strike will be granted but the other two motions of U.S. Steel Corporation will be denied.

### (1) The Union's Motion to Dismiss and for Summary Judgment.

A suit based upon Title VII must be filed within 90 days of plaintiff's receipt of his notice of a right to sue from the EEOC. The statute provides that if a charge of employment discrimination is dismissed by the Commission, the Commission:

> "[S]hall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought" 42 U.S.C. § 2000e–5(f)(1).

As noted in *Black Musicians of Pittsburgh v. Local 60–471,* 375 F.Supp. 902 (W.D.Pa. 1974):

> "[T]here is no question that the 90-day limit . . . is a jurisdictional requirement. A suit not brought within the statutory period is barred." 375 F.Supp. at 906.

The plaintiff's original complaint, filed on November 22, 1976, named the United Steelworkers of America as a defendant. On January 11, 1977, the plaintiff filed an "amendment to complaint" seeking to substitute District 19, Local 4223 for the international union as a defendant.

It is undisputed that more than 120 days elapsed from the date the plaintiff received notice of the right to sue on August 26, 1976 and the date that the complaint was amended to sue the local union on January 11, 1977. Therefore, the 90-day jurisdictional prerequisite cannot be met unless the court holds that the amendment relates back to the original date of filing.

Rule 15(c) FRCP provides:

> (c) Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.
>
> The delivery or mailing of process to the United States Attorney, or his designee, or the Attorney General of the United States or an agency or officer who would have been a proper defendant if named, satisfies the requirement of clauses (1) and (2) hereof with respect to the United States or any agency or officer thereof to be brought into the action as a defendant.

Relation back cannot be permitted in this case because neither the local nor the international union received a summons until January 12, 1977. Thus, to permit a relation back at this time would be prejudicial to the local union which was not notified of this lawsuit during the applicable period of limitations as required by Rule 15(c).

Judge Scalera, formerly of this court, stated in *Artman v. International Harvester Company,* 355 F.Supp. 476 (W.D.Pa. 1972):

> "The true test underlying the words of 15(c) is one of adequate notice in order that the defendant may have a reasonable opportunity to prepare a defense. To read Rule 15(c) otherwise would frustrate the general purpose of statutes of limitation."

Allowing a relation back under the facts of this case would therefore frustrate the purposes of the 90-day statute of limitations. The court further observes that it is hard pressed to determine from the complaint just what is the exact basis of the claim against the local union. Any claims against the local union would seem to relate

to a failure to adequately represent the plaintiff yet the plaintiff appears to proceed on some vague theory of a conspiracy between the union and the corporation. Under these circumstances, the court is of the opinion that litigation against the local union would more appropriately proceed as a separate cause of action. Accordingly, the court will dismiss the local union from this case because of an absence of jurisdiction under 42 U.S.C. § 2000e–5(f)(1) but this dismissal will be without prejudice to the plaintiff's right to bring a separate cause of action against the local union.

### (2) The Union's Motion to Strike.

■ The court will order this case to be stricken from the jury trial list. While there are no Third Circuit decisions on this issue, at least four other circuits have ruled that a Title VII cause of action is equitable. This is true even if there is a claim for back pay, the courts having ruled that back pay awards are part of the overall equitable relief awarded by the court rather than legal damages. There is therefore no jury trial right in a Title VII case. *Slack v. Havens*, 522 F.2d 1091 (9th Cir. 1975); *EEOC v. Detroit Edison*, 515 F.2d 301 (6th Cir. 1975); *Robinson v. Lorillard Corp.*, 444 F.2d 791 (4th Cir. 1971); *Johnson v. Georgia Highway Express, Inc.*, 417 F.2d 1122 (5th Cir. 1969).

■ The plaintiff's complaint asserts jurisdiction under Title VII, and under the Fifth and Thirteenth Amendments to the United States Constitution. The court assumes that the plaintiff made a typographical error and intended to refer to the Fourteenth rather than the Thirteenth Amendment. However, there is no state action in this case to support a claim under the Fourteenth Amendment or under 42 U.S.C. § 1983. Nor is there any claim of federal action to support a claim under the Fifth Amendment. Therefore, the only proper claim is under Title VII and the court will adhere to the four circuit court decisions cited above and accordingly rules that the plaintiff does not have a right to a jury trial.

■ Rule 39(c) FRCP allows for advisory juries in actions "not triable of right by a jury". This remedy, however, "should be restricted in any event to the exceptional case where there are peculiar and unique circumstances supporting its use". *Moss v. Lane Company, Inc.*, 471 F.2d 853 (4th Cir. 1973). There is nothing peculiar or unique in this case requiring the empanelling of an advisory jury. The court will therefore hear all of the plaintiff's claims in a non jury trial.

### (3) United States Steel Corporation's Motion to Strike, Motion to Dismiss and In the Alternative Motion to Compel Joinder of an Additional Defendant.

The court has already dealt with the issue of striking the case from the jury trial list and the issue of whether the union is a proper party. The remaining issue raised by the company's motions involves whether the court lacks jurisdiction over this case because the plaintiff failed to comply with several jurisdictional time limits.

■ United States Steel asserts that the case must be dismissed in that the plaintiff did not sue within two years of the acts complained of as required by the Pennsylvania Statute of Limitations relating to personal injury, 12 P.S. 34. United States Steel also argues that the plaintiff failed to sue within 90 days of the receipt of notice of right to sue as required by 42 U.S.C. § 2000e–5(f)(1).

Judge Snyder of this court has recently written a thorough opinion on the subject of time limits in Title VII cases. *McAdams v. Thermal Industries*, D.C., 428 F.Supp. 156, 1977, which opinion is available upon request to the undersigned for the guidance of counsel. The court agrees with Judge Snyder's analysis of this subject and it is not necessary to review the same ground covered in Judge Snyder's opinion.

It is sufficient to note that there are only two relevant time limits in a Title VII case: timely filing of charges with the EEOC and filing suit within 90 days of receipt of notice of the right to sue.

The only issue about time limits in this case which is not covered by *McAdams* is the contention that the plaintiff did not meet the 90-day filing requirement because summons was not served until January 14, 1977, about 120 days after notice of the right to sue was received even though the complaint was filed within 90 days. While there are no cases on this point, it is clear that filing a complaint is the crucial act which must be performed within the 90-day period. Section 42 U.S.C. § 2000e–5(f)(1) provides that "a civil action may be brought" within 90 days and Rule 3 FRCP makes it clear that a civil action commences with filing of the complaint. "A civil action is commenced by filing a complaint with the court."

2 Moore's Federal Practice 3.03 makes it clear that Rule 3 as originally drafted contained a provision that the action was automatically abated if not served within a specified time.

This was deleted in the rule as finally adopted and the only question is whether the summons and complaint were served with due diligence. If not, the action may be dismissed for lack of due prosecution which does not appear here.

The court thus rules that all time requirements for jurisdiction have been met. The court would, however, warn counsel that sanctions are available if plaintiff's counsel delays service of summons in bad faith and for purposes of deception and concealment. See Local Rule 6(d) "Prejudice by Failure to Receive Notice: A party who has been prejudiced by failure to receive due notice shall be entitled to appropriate relief upon prompt application to the Court after discovery of the action by him."

Recently, in *Lamp v. Heyman*, 469 Pa. 465, 366 A.2d 882 (1976), the Pennsylvania Supreme Court outlawed the outrageous practice whereby plaintiff's counsel would file a praecipe for writ of summons to commence a cause of action within the time period permitted by the applicable statute of limitations, instruct the prothonotary to issue the writ but not to deliver it to the sheriff for service, and then to reissue the writ and serve it years after the time period has expired. The court will not permit this type of practice to arise in the federal courts.