Joel Williard WILSON, Plaintiff,

v.

CONTINENTAL GROUP, INC. (formerly Continental Can Company), Defendant.

No. C–77–23–WS.

United States District Court,
M. D. North Carolina,
Winston-Salem Division.

May 12, 1978.

Charles R. Redden, Winston-Salem, N. C., for plaintiff.

J. Robert Elster, W. R. Loftis, Jr., and Robert J. Lawing, of Hudson, Petree, Stockton, Stockton & Robinson, Winston-Salem, N. C., for defendant.

## MEMORANDUM ORDER

HIRAM H. WARD, District Judge.

This matter is before the Court upon defendant's motion for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure.

The plaintiff, a black male, alleges that defendant discriminated against him because of his race by discharging him and by submitting poor references to other employers to which he had subsequently applied.

Plaintiff was discharged on April 12, 1973. Upon his applying for a job at Schlitz Brewing Company on April 20, 1973, and at Adam Mills Fabric Company on April 30, 1973, defendant allegedly advised these companies that he was a bad risk for employment.[1] On September 24, 1973, the plaintiff filed a charge against the defendant with the Equal Employment Opportunity Commission (hereinafter EEOC). On October 28, 1976, he received a right-to-sue notice letter from EEOC, and on January 18, 1977, he filed this action against defendant in this court, alleging violations of 42 U.S.C. §§ 1981 and 2000e, et seq.

The defendant, after receiving answers to its interrogatories and after taking plaintiff's deposition, moved for summary judgment on August 4, 1977, asserting that the portion of this action based on 42 U.S.C. § 1981 was barred by the North Carolina three-year statute of limitations. The defendant made a supplemental motion for summary judgment on November 25, 1977, asserting that the portion of this action based on Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., was also barred by the North Carolina statute of limitations.

■ The plaintiff has not responded; he has filed no brief, affidavits, or other documents opposing the motions.[2] "When a motion for summary judgment is made . . . an adverse party . . . by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, *if appropriate*, shall be entered against him." Rule 56(e), Federal Rules of Civil Procedure (emphasis added). Even if certain facts are in dispute, summary judgment is appropriate if, considering the disputed facts in the light most favorable to the party opposing summary judgment, the moving party is entitled to judgment as a matter of law. *Time, Inc. v. McLaney*, 406 F.2d 565 (5th Cir. 1969).

The United States Supreme Court has held that "[s]ince there is no specifically stated or otherwise relevant federal statute of limitations for a cause of action under [42 U.S.C.] § 1981, the controlling period would ordinarily be the most appropriate one provided by state law." *Johnson v. Railway Express Agency*, 421 U.S. 454, 462, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295, 302 (1975). This Court held in *Camack v. Hardee's Food Systems, Inc.*, 410 F.Supp. 469, 472 (M.D.N.C.1976), that the three-year statute of limitations set out in N.C.G.S. § 1–52 is applicable to § 1981 actions arising in North Carolina. *See also Lattimore v. Loews Theatres, Inc.*, 410 F.Supp. 1397, 1400 (M.D.N.C.1975); *Broadnax v. Burlington Industries, Inc.*, 7 FEP Cases 252, 256 (M.D.N.C.1972). *Accord, King v. Seaboard Coast Line Railroad*, 538 F.2d 581, 584 (4th Cir. 1976). This Court also noted in *Camack, supra,* at 471–72, that "[i]t is now settled that the mere filing of a charge with the EEOC under 42 U.S.C. § 2000e–5(e) does not toll the running of the applicable [state] statute of limitations on a 42 U.S.C. § 1981 claim based upon the same set of facts." *See Johnson v. Railway Express Agency, supra.* No facts have been presented to this Court as in *Lattimore v. Loews Theatres, Inc., supra,* to warrant a tolling of the statute of limitations based upon equitable principles.

■ The present action by plaintiff was not filed with this court until January 18, 1977, more than three years and eight months after the last alleged discriminatory act was committed by defendant on or about April 30, 1973. Therefore, the applicable North Carolina three-year statute of

---

1. The only specific dates asserted with regard to plaintiff's charge of discrimination by defendant for giving poor references are the dates he applied for the jobs at Schlitz and Adam Mills. Therefore, for purposes of deciding the motion now before the Court, April 30, 1973, is the last date of an alleged discriminatory act by defendant against the plaintiff.

2. "If a respondent fails to file his response [to a motion] within the time required by this rule [21], the motion will be considered and decided as an uncontested motion and normally will be granted without notice to the parties." Local Rule 21(n).

limitations bars the plaintiff from suing defendant under 42 U.S.C. § 1981.

 As noted above, if there is no specifically stated or otherwise relevant federal statute of limitations for a federal cause of action, then ordinarily the court should apply the most appropriate state statute of limitations. *See O'Sullivan v. Felix*, 233 U.S. 318, 34 S.Ct. 596, 58 L.Ed. 980 (1914). However, unlike § 1981, Title VII of the Civil Rights Act of 1964 does expressly set forth time limitation periods. These limitation periods govern the timing of the initial filing of a charge of employment discrimination with the EEOC. The charge must be filed within 180 days after the discriminatory employment practice occurred, or within 300 days after such practice if the complaining party has initially begun proceedings with an appropriate state or local agency. 42 U.S.C. § 2000e–5(e). Title VII also provides that a complaining party may bring a civil action in federal district court if such action is begun within ninety days after receipt from EEOC of appropriate notification that conciliation efforts have been unsuccessful, usually accomplished by a right-to-sue notice letter. 42 U.S.C. § 2000e–5(f)(1).

"Title VII thus in clear terms delineates the time limitations within which the grievant must initially resort to the administrative machinery of the EEOC (or state employment agency) and, once administrative conciliation has proven ineffective, within which the grievant must commence a civil action in the District Court." *Pinckney v. County of Northampton*, 433 F.Supp. 373, 376 (E.D.Pa.1976).

 Numerous cases have held that state statutes of limitations are not applicable in determining whether a private individual has lost his right of action under Title VII through the passage of time. *See Draper v. United States Pipe & Foundry Co.*, 527 F.2d 515, 522 (6th Cir. 1975); *Sangster v. United Air Lines, Inc.*, 438 F.Supp. 1221, 1227–28 (N.D.Cal.1977); *Piva v. Xerox Corp.*, 376 F.Supp. 242, 245 (N.D.Cal.1974); *Pittman v. Anaconda Wire & Cable Co.*, 408 F.Supp. 286, 293 (E.D.N.C.1974); *Pinckney v. County of Northampton*, 433 F.Supp. 373, 376 (E.D.Pa.1976); *Dixon v. Universal Atlas Cement Division*, 437 F.Supp. 1071 (W.D.Pa. 1977); *Jackson v. Cutter Laboratories, Inc.*, 338 F.Supp. 882, 885 (E.D.Tenn.1970); *Kaltenborn v. Excel Personnel*, 339 F.Supp. 129 (W.D.Tenn.1972); *Beckum v. Tennessee Hotel*, 341 F.Supp 991, 994 (W.D.Tenn.1971); *Askins v. Imperial Reading Corp.*, 420 F.Supp. 413, 416 (W.D.Va.1976). *Cf. Occidental Life Insurance Co. v. EEOC*, 432 U.S. 355, 97 S.Ct. 2447, 53 L.Ed.2d 402 (1977). This Court disagrees with the holdings to the contrary in *Jarrett v. North American Rockwell Corp.*, 433 F.Supp. 275 (C.D.Cal. 1977), *Kirk v. Rockwell International Corp.*, 432 F.Supp. 627 (C.D.Cal.1977), and *Clayton v. McDonnell Douglas Corp.*, 419 F.Supp. 28 (C.D.Cal.1976).

 The plaintiff in the instant case filed a charge against defendant with the EEOC on September 24, 1973, within 180 days of the last date of an alleged discriminatory act by defendant. He filed his action with this court on January 18, 1977, which was within ninety days of receiving a right-to-sue notice letter from the EEOC on October 28, 1976. Having complied with the time limitations of Title VII, the plaintiff's action based on 42 U.S.C. §§ 2000e, *et seq.*, is not time barred.

Therefore, IT IS ORDERED that defendant's motion for summary judgment as to that portion of plaintiff's action based on 42 U.S.C. § 1981 be, and the same hereby is, GRANTED, and that that portion of plaintiff's action based on 42 U.S.C. § 1981 be, and the same hereby is, DISMISSED.

It is further ORDERED that defendant's motion for summary judgment as to that portion of plaintiff's action based on Title VII, 42 U.S.C. §§ 2000e, *et seq.*, be, and the same hereby is, DENIED.