BRUNECZ, APPELLANT, *v.* HOUDAILLE INDUSTRIES, INC., APPELLEE.

(No. 46301—Decided November 21, 1983.)

*Mr. Seymour Gross,* for appellant.
*Mr. Donald Wall* and *Mr. Andrew S. Hoffman,* for appellee.

BROGAN, J. Plaintiff-appellant, Thomas Brunecz, on August 7, 1980 brought an action in the Court of Common Pleas of Cuyahoga County, against defendant-appellee, Houdaille Industries, Inc., for wrongful discharge under R.C. 4123.90.

Plaintiff alleged that he was injured at his place of employment, and that defendant wrongfully discharged him because he filed a claim for compensation with the Bureau of Workers' Compensation. Plaintiff demanded reinstatement, back pay and reasonable attorney fees. He also made a demand for a jury trial. After an answer was filed by defendant, plaintiff moved for leave to amend his complaint, which was granted. The amendment deleted from the prayer the request for reinstatement. Defendant again answered with a general denial.

After a motion for summary judgment filed by defendant was overruled, the trial court referred the claim of plaintiff to arbitration. The board of arbitrators found for plaintiff in the sum of $1838, plus attorney fees. Defendant appealed to the trial court for a hearing *de novo*. Defendant also moved to strike the plaintiff's jury demand, pursuant to Civ. R. 12(F) and 39(A)(2), on October 15, 1982. Defendant asserted that no jury trial right exists where a claim pursuant to R.C. 4123.90 is made. Plaintiff opposed said motion on the basis that the motion to strike was made out of rule and, thereby, defendant waived any objection to plaintiff's request for a jury trial, and that since the complaint was for money damages only, a jury trial existed under R.C. 2311.04. The trial was conducted without a jury and the trial court found for defendant.

Appellant appeals citing as error the trial court's granting of the motion to strike appellant's demand for a jury trial. Civ. R. 39(A) provides in part:

"When trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the docket as a

jury action. The trial of all issues so demanded shall be by jury, unless (1) the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury or (2) the court *upon motion* or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist. * * *'' (Emphasis added.)

Civ. R. 39(A)(2) does not place a time limit on the filing of a motion to strike a jury demand. Appellee filed its motion to strike prior to trial and the right to jury trial was briefed by both parties. There was no waiver of appellee's right to raise an objection to the jury demand by its failure to raise the objection in its answer. Civ. R. 12(H) does not control, as this issue is not in the nature of a defense.

Appellant brought his action against appellee for wrongful discharge under R.C. 4123.90 which reads in pertinent part:

"No employer shall discharge, demote, reassign, or take any punitive action against any employee because such employee filed a claim or instituted, pursued or testified in any proceedings under the workers' compensation act for an injury or occupational disease which occurred in the course of and arising out of his employment with that employer. Any such employee may file an action in the common pleas court of the county of such employment in which the relief which may be granted *shall be limited to reinstatement with back pay, if the action is based upon discharge,* or an award for wages lost if based upon demotion, reassignment, or punitive action taken, offset by earnings subsequent to discharge, demotion, reassignment, or punitive action taken, and payments received pursuant to section 4123.56 and Chapter 4141. of the Revised Code plus reasonable attorney fees. * * *'' (Emphasis added.)

R.C. 4123.519, which governs appeals to the court of common pleas in workers' compensation cases, makes specific reference to the claimant's right to a jury trial:

"* * * The court, *or the jury* under the instructions of the court, *if a jury is demanded,* shall determine the right of the claimant to participate or to continue to participate in the fund upon the evidence adduced at the hearing of such action.

"* * *

"If the finding of the court *or the verdict of the jury* is in favor of the claimant's right to participate in the fund, the commission and the administrator shall thereafter proceed in the matter of the claim as if such judgment were the decision of the commission, subject to the power of modification provided by section 4123.52 of the Revised Code." (Emphasis added.)

There is a conspicuous absence of any reference to a jury trial in R.C. 4123.90 because the remedy provided is essentially equitable in nature, *i.e.,* reinstatement. The back pay is merely a matter of arithmetic computation and ancillary to restoration of the claimant's job.

While we can find no Ohio case wherein a court has addressed the issue of a right to a jury trial in an R.C. 4123.90 action, federal case law has clearly indicated that employer discrimination claims brought under Title VII of the Civil Rights Act of 1964, which like R.C. 4123.90 limits relief to reinstatement and back pay, are clearly equitable in nature and that no right to a jury trial exists. For example, the Sixth Circuit Court of Appeals noted:

"A key dividing line between law and equity has historically been that the former deals with money damages and the latter with injunctive relief. *This distinction has been blurred by court decisions indicating that not all money damages claims will be deemed 'legal.'* * * * A common example is an employment discrimination claim brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq. which seeks in-*

*junctive relief (i.e.* reinstatement) *and back pay.* Although the Supreme Court has never directly addressed this question, the courts of appeals have uniformly held *that no jury trial right exists.* * * *" *Hildebrand* v. *Bd. of Trustees of Mich. State Univ.* (C.A. 6, 1979), 607 F. 2d 705, 708. (Emphasis added.) See, also, *Slack* v. *Havens* (C.A. 9, 1975), 522 F. 2d 1091, 1094; *Harmon* v. *May Broadcasting Co.* (C.A. 8, 1978), 583 F. 2d 410; *Dixon* v. *Universal Atlas Cement Div.* (W.D. Pa. 1977), 437 F. Supp. 1071, 1074.

In *Great American Fed. S. & L. Assn.* v. *Novotny* (1979), 442 U.S. 366, at 374-375, the Supreme Court in dicta commented on the right to a jury trial in an action pursuant to Title VII of the Civil Rights Act of 1964:

"The Act provides for injunctive relief, specifically including back pay relief. * * * Because the Act expressly authorizes only equitable remedies, the courts have consistently held that neither party has a right to a jury trial." (Footnotes omitted.)

In *Dixon* v. *Universal Atlas Cement Div., supra,* at 1074, the court stated:

"The court will order this case to be stricken from the jury trial list. * * * [A]t least four other circuits have ruled that a Title VII cause of action is equitable. *This is true even if there is a claim for back pay, the courts having ruled that back pay awards are part of the overall equitable relief awarded by the court rather than legal damages.* * * *" (Emphasis added.)

R.C. 2311.04 provides that "* * * [i]ssues of fact arising in actions for the recovery of money only, or specific real or personal property, shall be tried by a jury, unless a jury trial is waived, * * *" or all parties consent to a reference under the Civil Rules.

Appellant's action was not for a recovery of money only, but he sought a specific remedy for retaliatory conduct by an employer under R.C. 4123.90. We find the federal cases interpreting the Title VII discrimination suits to be persuasive.

Relief under R.C. 4123.90 is equitable in nature. The fact that appellant amended his complaint to give up his claim for reinstatement does not convert his claim under R.C. 4123.90 into a legal one triable to a jury. The assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

DAHLING, P.J., and CHRISTIANSEN, J., concur.

BROGAN, J., of the Second Appellate District, DAHLING, P.J., of the Eleventh Appellate District, and CHRISTIANSEN, J., of the Richland County Probate Court, sitting by assignment in the Eighth Appellate District.