OPINION
Defendant-appellant Angela Mullet nka Gebhart appeals the January 10, 2000 Judgment Entry of the Ashland County Court of Common Pleas, which granted the motion to strike jury demand of defendant-appellee Sunset Golf, Inc.
 STATEMENT OF THE FACTS AND CASE
On November 10, 1998, appellant filed a Complaint in the Ashland County Court of Common Pleas, naming appellee as the sole defendant, and asserting causes of action for wrongful demotion or reassignment (count one), wrongful discharge (count two), and punitive damages (count three). With respect to count one, appellant alleged she was injured at her place of employment, and appellee demoted and reassigned her because she filed, initiated, and pursued a claim with the Bureau of Workers' Compensation. With respect to count two, appellant alleged appellee wrongfully discharged her as a result of her filing, initiating and pursuing the workers' compensation claim. Finally, with respect to count three, appellant claimed appellee's conduct in discharging her was willful, malicious, and oppressive, and imposed a great deal of emotional distress upon her. Appellant demanded reinstatement, back pay, punitive damages, and reasonable attorney fees. Appellant also made a demand for a jury trial. Appellee filed a timely answer which challenged appellant's entitlement to a trial by jury "with respect to any claim of retaliatory discharge under Ohio Revised Code Section 4123.90." Answer at para. 12. The trial court scheduled a jury trial for March 14, 2000. On December 28, 1999, appellee filed a Motion to Strike Jury Demand and Claim for Punitive Damages. Via Judgment Entry filed January 4, 2000, the trial court overruled appellee's motion as untimely because it was not filed within the deadline imposed by the trial court. Appellee filed a Motion for Reconsideration. Upon reconsideration, the trial court granted appellee's Motion to Strike Jury Demand and Claim for Punitive Damages. The trial court rescheduled the matter for a bench trial on February 7, 2000. Following the bench trial and submission of post-trial memoranda of the parties, the trial court dismissed appellant's complaint, finding the evidence presented by appellant was insufficient to meet the standard set forth in R.C. 4123.90. The trial court memorialized its ruling in a Decision and Judgment Entry filed April 28, 2000. It is from the January 10, 2000 Judgment Entry appellant appeals, raising as her sole assignment of error:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY DENYING THE PLAINTIFF A JURY TRIAL AS REQUIRED BY ARTICLE I SECTION 5 OF THE OHIO CONSTITUTION.
 I
Herein, appellant maintains the trial court erred in denying her a jury trial as required by Article I, Section 5 of the Ohio Constitution. Article I, Section 5 provides: The right of trial by jury shall be inviolate, except that, in civil cases, laws may be passed to authorize the rendering of a verdict by the concurrence of not less than three-fourths of the jury.
Civ.R. 39(A) provides, in part: When trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the docket as a jury action. The trial of all issues so demanded shall be by jury, unless * * * (2) the court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist. * * *
Appellant brought this action against appellee pursuant to R.C.4123.90, which reads, in pertinent part: No employer shall discharge, demote, reassign, or take any punitive action against any employee because the employee filed a claim or instituted, pursued or testified in any proceedings under the workers' compensation act for an injury or occupational disease which occurred in the course of and arising out of his employment with that employer. Any such employee may file an action in the common pleas court of the county of such employment in which the relief which may be granted shall be limited to reinstatement with back pay, if the action is based upon discharge, or an award for wages lost if based upon demotion, reassignment, or punitive action taken, offset by earnings subsequent to discharge, demotion, reassignment, or punitive action taken, and payments received pursuant to section 4123.56 and Chapter 4141. of the Revised Code plus reasonable attorney fees. The action shall be forever barred unless filed within one hundred eighty days immediately following the discharge, demotion, reassignment, or punitive action taken, and no action may be instituted or maintained unless the employer has received written notice of a claimed violation of this paragraph within the ninety days immediately following the discharge, demotion, reassignment, or punitive action taken. (Emphasis added).
The issue before this Court is whether or not a party has a right to a jury trial in an action filed under R.C. 4123.90. Although appellant acknowledges case law establishes the right to a jury trial exists only in actions cognizable under the common law extant when the Ohio Constitution was adopted (unless otherwise specifically provided for by statute), she nevertheless contends such case law eviscerates the constitutional guarantee and should be overruled. Appellant also argues because part of her complaint was for money only, she was entitled to a jury trial at least on those issues. In Brunecz v. Houdaille Industr. (1983), 13 Ohio App.3d 106, the Eighth District Court of Appeals upheld a trial court's granting of a motion to strike a jury demand in an action filed under R.C. 4123.90, finding: There is a conspicuous absence of any reference to a jury trial in R.C. 4123.90 because the remedy provided is essentially equitable in nature, i.e., reinstatement. The back pay is merely a matter of arithmetic computation and ancillary to restoration of the claimant's job.
Id. at 107.
We agree with the reasoning of our brethren in the Eighth District and adopt their holding, "relief under R.C. 4123.90 is equitable in nature and there is no right to a jury in such an action", as the holding of this Court. Accordingly, we find the trial court did not err in granting appellee's motion to strike appellant's jury demand.
Appellant's sole assignment of error is overruled. The judgment of the Ashland County Court of Common Pleas is affirmed.
 ______________________ HOFFMAN, P.J.